This is a divorce case.
Frank and Minnie Dorey were married on June 28, 1953. They lived together as husband and wife until June 1979 when they separated. Three children were born of the marriage, all of which are now majority age.
The parties were granted a divorce on October 28, 1980. No appeal was taken from the final decree. In early 1981 the husband filed a motion under A.R.C.P. 60 (b) asking for relief from the final decree, alleging it was inequitable. In the alternative the husband asked that the final decree be modified because of a substantial change of circumstances.
After a hearing, the trial court denied the husband's petition for relief from the final judgment of divorce. The court did, however, find that one aspect of the final decree was causing confusion in that it required the husband to pay the wife thirty percent of his military retirement income as periodic alimony. As a result, the court modified the decree so as to require the husband to pay the wife $375.00 a month as periodic alimony. From this judgment the husband has appealed to this court.
The husband raises two issues in this appeal. First, he contends that the denial of his 60 (b) motion was error because the final decree of divorce was inequitable. Secondly, he contends that the court abused its discretion in not modifying the award of alimony to the wife.
The husband filed a motion for relief from the judgment under A.R.C.P. 60 (b) approximately four months after the judgment was rendered. Rule 60 (b) is not a substitute for appeal, and the issue on appeal from the denial of a 60 (b) motion is whether the trial court abused its discretion in denying the motion. Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App. 1976). We find no such abuse of discretion in the present case.
In examining the record, we note that the final decree of divorce is not contained therein. This fact makes it extremely *Page 810 
difficult for this court to make a determination of whether the final decree was equitable.
In any event, we can find no evidence that warrants overturning the final decree. A court may deny a motion for relief from final judgment where it finds that the moving party has not shown good cause for having failed to take appropriate action sooner or where litigation would be protracted needlessly due to inability of the moving party to demonstrate valid reason for changing result of the challenged judgment.Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App. 1978). This portion of the judgment is affirmed.
As his second contention, the husband argues that the trial court's refusal to modify the periodic alimony award in the original decree was improper. The husband basically makes two arguments on this issue. His first argument is that military retirement is not subject to division in a divorce proceeding. Secondly, he argues that there has been such a material change in circumstances as to warrant a modification of the periodic alimony provisions of the original decree.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728,69 L.Ed.2d 589 (1981), it was held that military retirement pay is not subject to a property division. However, the Court did not say that military retirement pay could not be considered in awarding periodic alimony in appropriate cases.
In the present case the husband's only real income was his military retirement pay of over $1,600.00 a month. His several attempted business ventures had all failed.
The court, in the modification hearing, modified the divorce decree to provide the wife $375.00 a month as periodic alimony. The original decree had awarded her thirty percent of the husband's military retirement pay a month as periodic alimony. In Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979), this court held that military retirement benefits could be considered in an award of periodic alimony. McCarty, supra, did not preclude our courts from considering military retirement for periodic alimony purposes. As a result, we find no error in the award of periodic alimony which would be paid from military retirement benefits.
The husband argues, however, that the award of alimony in this case constituted a property settlement. He contends that under McCarty, supra, his military retirement benefits could not be used as a basis for a property settlement. We cannot, however, agree that this award constituted a property settlement and not periodic alimony.
Finally, the husband contends that the refusal to modify the periodic alimony award was an abuse of discretion. We cannot, however, agree.
Modification of a prior decree for periodic alimony, based upon changed circumstances is within the sound discretion of the trial court and will not be reversed absent a showing of an abuse of that discretion. Further, the burden of proving a material change of circumstances is on the petitioner.Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App. 1979).
In the present case we can find no abuse of discretion. The husband's income has not changed since the original decree was entered. He argues that he has a mental disease which affects his ability to work. His business failures, however, were shown at the original divorce hearing. The trial court, therefore, did not err in refusing to modify the periodic alimony provisions of the original decree.
The wife has requested an award of attorney's fees for this appeal. Her request is granted and she is awarded $350.00 as a reasonable attorney's fee.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 811