This is a divorce case.
The Circuit Court of Calhoun County divorced the parties in 1979. Two years later, the husband petitioned the trial court to amend the decree of divorce and terminate the award of periodic alimony. The wife cross petitioned for an increase in periodic alimony and an attorney's fee.
After an ore tenus hearing, the trial court denied the husband's petition. The trial court ordered that the payments of periodic alimony to the wife be increased from $260 to $286 per month. The husband additionally was ordered to pay an attorney's fee of $350.
The husband appeals and, through able counsel, contends the trial court erred in failing to terminate the award of periodic alimony. The husband also contends the trial court abused its discretion in awarding an attorney's fee.
We disagree with the husband's contentions and affirm the decision of the trial court.
The record reveals the following pertinent facts:
In 1979, after a thirty year marriage, the parties entered into an agreement which was incorporated into the decree of divorce. Specifically, the husband agreed to pay the wife $260 per month as periodic alimony out of the husband's military retirement pay of $670 per month. The alimony payments would terminate upon the wife's remarriage.
The husband was subsequently apparently prompted by the United States Supreme Court's ruling in McCarty v. McCarty,453 U.S. 210, 101 S.Ct. 2728, 67 L.Ed.2d 589 (1981) to petition the trial court to terminate alimony. It is the husband's contention that McCarty, supra, precludes the courts of this state from ordering periodic alimony being paid out of the funds received as military retirement pay.
We find this court's recent decision of Dorey v. Dorey,412 So.2d 808 (Ala.Civ.App. 1982) to be dispositive of this issue:
 In McCarty v. McCarty, [supra], it was held that military retirement pay is not subject to a property division. However, the Court did not say that military retirement pay could not be considered in awarding periodic alimony in appropriate cases. . . .
 . . . In Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979), this court held that military retirement benefits could be considered in an award of periodic alimony. McCarty, supra, did not preclude our courts from considering military retirement for periodic alimony purposes. As a result, we find no error in the award of periodic alimony which would be paid from military retirement benefits.
In light of our holding in Dorey, supra, we cannot find the trial court erred in refusing to terminate the award of periodic alimony. McCarty, supra, has no application to the facts of the instant action where the divorce decree via agreement provides that the husband pay periodic alimony to the wife out of the moneys received as military retirement pay. The husband alleges no factors other than the rendition of the decision in McCarty, supra, constituting changed circumstances which would warrant a termination of alimony. Therefore, we find the trial court properly refused to terminate the award of periodic alimony.
The husband's final contention is that the trial court erred in awarding an attorney's fee to the wife. The award of an attorney's fee in a proceeding to modify a judgment awarding periodic alimony is solely within the sound discretion of the trial court. Cf. Price v. Price, 360 So.2d 340 (Ala.Civ.App. 1978). We, in this instance, find no abuse of the trial court's discretion in the award of an attorney's fee.
For the foregoing reasons, the action of the trial court is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. A fee of $350 is hereby awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1104