HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing the trial court divorced the parties, awarded the wife periodic alimony in the amount of $500 per month until she reaches the age of sixty-two after which the payments will be reduced to $300 per month, awarded custody of the parties’ minor child to the wife, and required the husband to pay $100 per month as child support until the child marries or reaches the age of nineteen.
The husband appeals to this court, contending that the trial court abused its discretion in the award of periodic alimony and child support. Finding no abuse of discretion that would require reversal, this court affirms.
The record, viewed with the attendant presumptions, reveals the following: The parties to this action were divorced after being married thirty-four years. For approximately twelve years preceding the divorce, however, the parties had been separated. Three children were born of the marriage. At the time of the divorce all of the children except one had reached the age of majority. The remaining minor child, who was eighteen at the time of the divorce, resided with the wife. According to the husband’s testimony, the minor child would be nineteen on June 2, 1982.
The husband was fifty-eight years old at the time of the divorce. He had been employed by the Ford Motor Company until 1970 at which time he had to retire due to failing eyesight. The husband is now legally blind and has not worked since his retirement. The husband’s income consists of a monthly social security disability check in the amount of $497, a monthly military disability check in the amount of $416, and a monthly retirement check from Ford in the approximate amount of $100. Additionally, for approximately a year prior to the divorce the husband had been withdrawing $180 per month from a life insurance fund. The record indicates that if the husband chose to he could continue to withdraw this sum for approximately thirty-eight more months. The husband also has access to some interest income.
At the time of the divorce the wife was sixty years old and is apparently in poor health. The wife has a ninth grade education and has not worked since approximately 1970. Since quitting work her primary means of support for herself and her children has been her husband’s checks which he allowed to be sent to the marital home though he no longer resided there. The wife’s only other source of income is interest income.
At the outset we note that during the pendency of this appeal the parties’ minor child has reached the age of nineteen. Consequently, by the terms of the decree the husband’s obligation to pay $100 per month as child support ended after only four months. Suffice it to say that requiring the husband to pay $100 per month as child support for approximately four months when the husband is receiving in excess of $1,000 per month is not such an abuse of discretion as to require reversal.
Regarding the alimony payments, this court has held on numerous occasions that the award and amount of periodic alimony are matters within the sound discretion of the trial court which will not be reversed absent plain and palpable abuse of that discretion. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981); Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980); Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979). In exercising its discretion the trial court is to be guided by such factors as the parties’ future prospects; the standard of living during the marriage; the potential for maintaining or exceeding that standard after divorce; the parties’ ages, sex and health; and the length of the marriage. *214 Nolen v. Nolen, 398 So.2d 712 (Ala.Civ.App.1981); Boyd v. Boyd, 390 So.2d 644 (Ala.Civ.App.1980).
A review of the record in light of the foregoing factors does not reveal such an abuse of discretion in the award of alimony as to require reversal. In reaching this decision we call particular attention to the thirty-four year length of the marriage and to the wife’s advancing age, lack of education, and poor health. All three of these factors combine to make her future earning prospects very bleak. Admittedly, the husband is also in poor health and is unable to work but he does have a guaranteed monthly income in excess of $1,000.
In view of the facts of this case an alimony award of $500 per month which will be reduced to $300 per month within two years is not so excessive as to require reversal.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.