This is a divorce case.
The trial court, after an ore tenus hearing, divorced the parties and in pertinent part awarded the wife periodic alimony plus an attorney's fee.
The husband through able counsel appeals, contending that because of the sources of the husband's income such funds are not subject to an award of periodic alimony. In the alternative, the husband contends that because of the amount of the award, the trial court so abused its discretion as to require reversal. The husband's final contention is that the trial court erred in the award of an attorney's fee. We find no error requiring reversal and affirm.
Viewing the record with the attendant presumptions accorded the trial court's action, the following is revealed:
The parties were married in 1971. The husband was in the military service for a number of years. The wife has, during the marriage, been employed. The husband has had several heart attacks. The wife is in poor health.
The husband, as a result of his disability, receives approximately $700 per month from social security. He receives approximately *Page 1091 
$1,150 in the form of disability benefits from the Veterans Administration.
The trial court awarded the wife $750 per month for twelve months and thereafter she was to receive $600 per month as periodic alimony. Additionally, the wife was awarded a $750 attorney's fee.
As indicated, the husband contends that social security benefits and Veterans Administration disability payments are not sources of "income" upon which an award of periodic alimony can be based. The husband cites to this court § 30-2-51, Ala. Code (1975), which is this state's general alimony statute. Specifically, the husband states that the above sources of funds are not such an "estate" or "income" contemplated within the purview of § 30-2-51.
In Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979), this court held that military retirement benefits could be a source of "income" from which award of periodic alimony could be made. See also Johnson v. Johnson, 415 So.2d 1102
(Ala.Civ.App. 1982); Dorey v. Dorey, 412 So.2d 808
(Ala.Civ.App. 1982).
In Peek v. Peek, 417 So.2d 212 (Ala.Civ.App. 1982), this court in effect held that social security disability benefits and military disability benefits were sources of income upon which an award of periodic alimony could be made.
This court now has the opportunity to specifically hold that social security disability benefits and Veterans Administration disability benefits may in appropriate circumstances be sources of "income" upon which an award of periodic alimony may be based. We now so hold, see Peek v. Peek, 417 So.2d 212; Johnsonv. Johnson, 415 So.2d 1102; Dorey v. Dorey, 412 So.2d 808; andKabaci v. Kabaci, 373 So.2d 1144, and find that this case is such an appropriate circumstance.
As to the husband's contention that the amount of the award of periodic alimony requires reversal, we again do not agree.
The award and the amount of periodic alimony are matters within the discretion of the trial court and will not be reversed except for plain and palpable abuse of that discretion. Peek v. Peek, 417 So.2d 212.
While the award of approximately one-third of the husband's income under the facts of this case may appear to be generous, it is not such an award as to require reversal. See
8 Ala. Digest, Divorce, Key No. 235. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975).
We also find no abuse of discretion in the award of the attorney's fee. See 8 Ala. Digest, Divorce, Key No. 227 (1).
Both parties have favored this court with excellent briefs for which we are grateful.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.