BRADLEY, Judge.
The parties to this appeal were divorced in February of 1982. The decree of the court required the husband to pay the wife $250 per month as alimony. The husband failed to make the required payments, and in July 1982 the wife sought a rule nisi to have the husband held in contempt for failure to make the alimony payments.
After a hearing, and on August 31, 1982, the trial court held the husband in contempt and ordered him to pay $1,750 in alimony arrearages plus an attorney’s fee of $300. The court directed that the husband could purge himself of the contempt by paying $100 per month on the arrearage in addition to the regular alimony payments.
The husband failed to abide by the court’s decree and, after another hearing on January 25, 1983, was held in contempt and placed in jail. The husband was to remain in jail until he paid the sum of $2,350.
The husband’s present wife borrowed money and paid the $2,350 contempt judgment. The husband was released from jail. No appeal was taken from this judgment, nor were any posttrial motions filed.
On April 12, 1983 the husband filed a motion asking that the wife be required to restore to him the $2,350 he had been required to pay to her in order to be released from jail. He alleged in the motion that the only funds available to him to pay the alimony arrearage were Veterans’ Administration service-connected monthly disability pension payments that he received and that such benefits could not be used to make alimony payments. The trial court overruled the husband’s motion.
Husband argues here that the trial court erred in refusing to require the wife to refund the $2,350 paid by the husband to be released from jail due mainly to 38 U.S.C., section 3101(a) (1976), which provides in part as follows:
“Payments of benefits due or to become due under any law administered by the Veterans’ Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary....”
Husband also argues that 42 U.S.C. section 659(a) (1976) shows an intent by Congress that veterans’ disability compensation benefits should be exempt from legal process to require such veteran to pay alimony to his ex-wife.
The wife replies that the motion filed by the husband is a rule 59(e), Alabama Rules of Civil Procedure motion to alter or vacate the contempt judgment, and as such, was filed too late. The motion was not filed until more than thirty days after the January 25, 1983 contempt order.
Although wife argues that husband’s motion to restore funds is a 59(e) motion to alter or vacate the January 25, 1983 judgment, we believe husband’s motion is really a rule 60(b)(1) motion asserting that the trial court made a mistake of law in its January 25, 1983 judgment. In other words, husband says the trial court erred in requiring him to pay alimony out of his VA service-connected disability pension; hence, he says, the trial court should require the wife to repay the $2,350 to the husband.
Viewed in this light the husband’s motion is not a 59(e) motion to alter or vacate a judgment but to enter a new judgment because the court had made a legal mistake in its original judgment. Of course, such an argument could have been and more rightly should have been present *876 ed by an appeal. However, no appeal was taken from the January 25, 1983 judgment.
The supreme court held in City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981), that “mistake” set out in rule 60(b)(1) did not encompass mistakes of law; otherwise rule 60(b)(1) relief would be as extensive as rule 59(e) relief. Accordingly, the trial court properly overruled husband’s motion as a rule 60(b)(1) motion. Moreover, the trial court properly overruled husband’s motion even if it is considered a rule 59(e) motion, because the motion was filed more than thirty days after the January 25, 1983 judgment. See rule 59(e), A.R.Civ.P.
Since we have decided husband’s appeal on procedural grounds, we decline to discuss the merits of the appeal. However, we note that this court has recently held in Lott v. Lott, 440 So.2d 1090 (Ala.Civ.App. 1983), that Veterans’ Administration service-connected disability benefits can be considered as a source of income from which periodic alimony may be paid. We also held in Mims v. Mims, 442 So.2d 102 (Ala.Civ.App.1983), that section 3101 of title 38 of the United States Code does not apply to a ease where a former wife is seeking to recover periodic alimony from a former husband, because such a claim is not based on a debt.
We, therefore, find that the trial court properly overruled husband’s motion to restore to him the $2,350 he had paid to be released from jail.
Wife’s request for attorney’s fee is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.