This is a case involving modification of a divorce decree.
Hunter Edwards Slaton (husband) and Florence Fail Slaton (wife) were divorced by final decree of the Montgomery County Circuit Court on March 19, 1976. The decree incorporated the following agreement of the parties:
 "That the Husband will maintain and keep in force, by paying the premium *Page 35 
thereon when due, the policy of life insurance on his life issued by Metropolitan Life Insurance Company, Policy No. 607201340PR, in the face amount of $25,000, and will irrevocably designate as primary beneficiary of said policy, the wife, Florence Fail Slaton, and as alternate beneficiaries, the three children of the parties."
On October 9, 1976, wife remarried. Sometime thereafter husband discontinued paying insurance premiums. Wife moved for an order requiring him to show cause why he should not be held in contempt. Husband petitioned for modification, asking that the obligation to pay insurance premiums be terminated. After receiving briefs from both parties, the trial court held the provision in question to be non-modifiable, ordering husband to reimburse wife the premium payments due and assessing him with $300 in attorney's fees.
Husband appeals, asserting that (1) the provision in question amounted to payment of periodic alimony and, therefore, was modifiable, and (2) the trial court erred in awarding wife's attorney's fees.
Husband insists in argument that the disputed provision was an agreement and award of periodic alimony as opposed to a property settlement or alimony in gross and thus modifiable. It is to be noted that the judgment of the trial court makes no determination that the provision falls into either category by definition. The order of the court is as follows: "2. The Court further finds that the provision of the agreement between the parties concerning the making of the premium payments on that certain life insurance policy is not modifiable by this court."
It is the opinion of this court that there is no error in the judgment of the trial court. We consider that the agreement as incorporated in the decree as between the parties thereto constituted a contract enforceable according to its terms.Porter v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983). There is nothing in the agreement to indicate that the provision for payment of the premiums on the designated insurance policy was to terminate upon the remarriage of the wife or even at her death. To the contrary, it indicated that in event of her death, the beneficiaries were to be the children. It provided that the designation of those beneficiaries was irrevocable.
It appears that the agreement was for the benefit of the wife and/or children in the event of the death of the husband and father. It clearly was not intended as periodic alimony as there was no provision anywhere in the agreement for periodic alimony — only child support and property division. Periodic alimony is an allowance from the current earnings of a spouse to provide for the current and continuous support of the other.Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980).
It is unnecessary to attempt to categorize the agreement as alimony in gross or part of a property division. It is sufficient that the trial court found it to be part of an agreement by the terms of which the husband intended to be contractually bound and which is now unmodifiable. Whether one or the other, alimony in gross or a part of the property settlement, it is not capable of modification. Robinson v.Robinson, 410 So.2d 426 (Ala.Civ.App. 1981).
Husband asserts that the award of attorney fees to wife's attorney by the trial court was error under § 30-2-54, because he was not found in contempt of court. Husband overlooks that he brought a counter-petition for modification of the original decree. The necessity of defending a petition for modification of a divorce decree may invoke the discretionary authority of the court to award an attorney fee. Hansen v. Hansen,401 So.2d 105 (Ala.Civ.App. 1981); Haynes v. Haynes, 360 So.2d 1016
(Ala.Civ.App. 1978).
Finding no reversible error, we affirm.
Appellee's request for attorney fees on appeal is granted in the amount of $300.00.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 36