This post-divorce litigation concerns the nonpayment of life insurance premiums.
The 1980 judgment which divorced the parties made a detailed division of their property and provided periodic alimony for the wife. The husband was awarded all of the assets of the Stanley-Rose Company with the exception of the policy in question, insuring the husband's life, which was to remain the property of the wife. The husband was ordered to deliver the policy to the wife. It was provided that the husband would not be responsible for the repayment of any loans which were made against the policy prior to the divorce, but he was prohibited from further borrowing against the insurance policy. The husband was directed to pay and be responsible for the premiums due on the policy.
We glean from a colloquy between counsel and from the March 12, 1986, judgment in this cause that the trial court terminated the payment of periodic alimony by the husband to the wife on June 11, 1984. *Page 86 
The present litigation concerning the failure of the husband to pay the life insurance premiums upon that policy is not a paragon of clarity. Nevertheless, it is not disputed that he did not pay the 1984 and 1985 annual premiums of $1,021, and that, during each of those years, the premium was automatically charged against the loan value of the policy because of such premium nonpayment.
On March 12, 1986, the trial court again awarded that particular life policy to the wife, held her responsible for the payment of the premiums as of the termination of alimony on June 11, 1984, and awarded a judgment against the husband for post-divorce loans caused to be made by the husband against that policy, including the 1984 and 1985 annual premiums. The wife appealed, and she presently contends that the divorce judgment provision for the payment of the premiums on the policy was not subject to modification. The husband has not provided us with the benefit of any argument on his behalf.
The wife was the absolute owner of that insurance policy under the provisions of the divorce judgment. There were no restrictions upon her ownership except that the husband was not responsible for the repayment of the then outstanding policy loans. The husband was prohibited from further borrowing against the policy. He was directed to deliver the policy to the wife and to pay the premiums upon the policy without any limitations as to time or subsequent events. It is clear that the divorce judgment provisions concerning the policy of life insurance were made for the benefit of the wife upon the death of the husband. It was not periodic alimony, which is an allowance from the current earnings of a spouse to provide for the current and continuous support of the other. Dees v. Dees,390 So.2d 1060 (Ala.Civ.App. 1980). The wife received no current benefit from the policy.
While we consider the payment of the premiums and the other provisions as to this policy of life insurance to be either a part of a property division or alimony in gross, it is immaterial as to which it falls under since neither is capable of modification, except for clerical errors, after the lapse of thirty days from the entry of the divorce judgment. Slaton v.Slaton, 455 So.2d 34 (Ala.Civ.App. 1984); Culverhouse v.Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980); Higginbothamv. Higginbotham, 367 So.2d 972 (Ala.Civ.App. 1979).
Each of those three cases held that provisions in a divorce judgment were not modifiable where the husband was required to pay the premiums upon a policy insuring his life which was awarded in whole or in part to the wife. The present case falls within the purview of those decisions. Accordingly, we must reverse and remand this case to the learned trial court for the entry of a judgment which is consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.