EDWARD N. SCRUGGS, Retired Circuit Judge.
This is post-divorce litigation.
The former wife’s latest motion was filed in October 1986. She sought to require the *153-155 former husband to convey to her certain stocks which he was awarded through their pre-divorce settlement and 1981 divorce. The trial court failed to grant that relief to her after an ore tenus trial. The former wife timely appealed, and her sole issue concerns whether the trial court erred in not re-awarding those securities to her.
This is the second post-divorce motion and appeal by the former wife. Rothenburg v. Rothenburg, 475 So.2d 577 (Ala. Civ.App.1985).
Even if the allegations of her present motion are construed to constitute a valid ground for relief under Rule 60(b) of the Alabama Rules of Civil Procedure, the motion was filed five years after the divorce, and it is untimely. A.R.Civ.P., Rule 60(b).
If it be considered to be a motion to modify the divorce judgment (which it purports to be), it was likewise filed too late. A property settlement cannot be modified, except for clerical errors, after the lapse of thirty days from the entry of the divorce judgment. Rose v. Rose, 496 So.2d 85 (Ala. Civ. App.1986).
At the trial, the former wife testified that she inherited the stock and that she agreed to share the questioned securities with the husband in their property settlement because of duress imposed upon her by her own attorney. To the contrary, the former husband’s evidence was that he could not testify that the stock came from his former wife’s inheritance, for it was jointly owned by the parties at the time of the divorce. The ore tenus evidence conflicted. Under those circumstances, the decision of the trial court is presumed to be correct, and it cannot be changed on appeal unless the decision was so unsupported by the evidence as to be palpably wrong. Burns v. Burns, 473 So.2d 1085 (Ala.Civ. App.1985); Cooper v. Cooper, 473 So.2d 1083 (Ala.Civ.App.1985). The former husband’s testimony was supportive of the decision of the trial court upon this issue. That determination was not palpably wrong, and it is affirmable upon the merits of the matter.
In short, regardless of the approach to the issue, the trial court did not err in failing to require the former husband to convey the disputed stock to the former wife.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.