682 So.2d 1377 (1996)
Donald R. KAHN
v.
Ellen Rhee KAHN.
2940525.
Court of Civil Appeals of Alabama.
July 12, 1996.
Application for Rehearing Dismissed November 1, 1996.
*1378 L. Drew Redden of Redden, Mills & Clark, Birmingham, for Appellant.
Stephen R. Arnold and Linda G. Flippo of White, Dunn & Booker, Birmingham, for Appellee.
YATES, Judge.
On July 11, 1986, the trial court divorced the parties, who had been married 33 years. Incorporated into the divorce judgment was an agreement that required the husband, among other things, to pay to the wife $8000 per month in periodic alimony and to maintain, until the wife's death or remarriage, a $1,000,000 insurance policy on his life, naming the wife as the beneficiary.
In April 1994, the husband petitioned the court to terminate or, in the alternative, reduce both the periodic alimony and the life *1379 insurance coverage. He alleged that there had been material changes in the parties' financial situations and that these changes supported his request for termination or reduction. The wife counterclaimed for an attorney fee. After an ore tenus proceeding, the court entered a judgment reducing the periodic alimony to $5000 per month and the amount of insurance coverage to $500,000 and ordering the husband to pay the wife's attorney fee. The husband appeals, contending that the court abused its discretion in refusing to terminate or more substantially reduce the periodic alimony and insurance coverage and in awarding the attorney fee.
The record reflects that the wife had enjoyed yearly increases in her net worth since the divorce and that, at the time of the husband's petition, her net worth was more than $1,000,000 greater than at the time of the divorce. Neither the wife's residence, valued at $600,000, nor another home she owns, valued at $115,000 is subject to a mortgage. She testified that her yearly expenses were $94,718, but admitted at trial that her estimate of expenses included a mischaracterization of yearly expenses as monthly expenses. She receives a total of $96,000 in periodic alimony each year. The wife also holds four insurance policies on the husband's life that have a total face value of $120,000.
The husband, who at the time of the hearing was 65 years old, testified that he had recently retired from his cardiac surgery practice. He has remarried and has two children from this new marriage. At the time of the divorce, he had an annual salary of approximately $1,000,000 and substantial interest and dividend income. At the modification hearing, however, the husband's accountant estimated that the husband's cash flow for 1994, after alimony and taxes, would be $415,339 and in following years would range from approximately $50,000 to $100,000. The husband's residence had an estimated value of $800,000 and is subject to a mortgage of approximately $200,000. The husband owns a beach condominium that has an estimated value of $300,000 and is not subject to a mortgage. He also owns several commercial real estate properties, including a 49% interest in a Birmingham hotel that is subject to a $5,000,000 mortgage. The hotel mortgagee requires the husband to maintain a $1,000,000 life insurance policy naming it as beneficiary. As of 1993, the total losses for the hotel partnership had exceeded $4,000,000. The husband also presented evidence that the current balance of the debt on his commercial real estate was $4,803,572.
A trial court may modify a judgment granting periodic alimony when there has been a material change of circumstances of either party or both parties. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985). The modification of alimony based upon changed circumstances is a matter that rests soundly within the discretion of the trial court. Id. A trial court's judgment modifying periodic alimony, following the presentation of ore tenus evidence, is presumed to be correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong. Id.
After thoroughly reviewing the record, we conclude that the court's judgment regarding the modification of periodic alimony was not supported by the evidence. The evidence revealed that since the time of the divorce the husband had suffered a dramatic reduction in income. In 1994, the amount of the reduction would be over $600,000; and in 1995, the reduction was estimated to be around $900,000. At the same time, the husband's annual insurance premium on the policy for the wife's benefit is approximately $49,000. Although the trial court reduced the amount of insurance coverage, maintaining that policy will, nevertheless, consume a substantial portion of the husband's income. We believe that the evidence required the court to more substantially reduce or, in fact, terminate the husband's alimony obligation. Our conclusion is further supported by the following evidence: (1) the wife has a large amount of income-generating assets at her disposal; (2) she invests her interest income rather than relying upon it to help support herself; (3) she has accumulated substantial wealth as a result of the periodic alimony she has received; and (4) although she has a college degree, she has not attempted to seek employment and, she says, she does not intend to.
*1380 A provision in a divorce agreement obligating the spouse to maintain a life insurance policy for the benefit of his dependent former spouse, once incorporated into a divorce judgment, is not modifiable if the provision is treated as part of a property division or as alimony in gross. Rose v. Rose, 496 So.2d 85 (Ala.Civ.App.1986). However, if the provision is contingent in nature, that is, if the obligation terminates upon the dependent former spouse's remarriage or death, then the provision is modifiable. See Slaton v. Slaton, 455 So.2d 34 (Ala.Civ.App.1984).
It has long been recognized in Alabama that the primary purposes of periodic alimony are: (1) to preserve the economic status of the parties that existed during the marriage, Orr v. Orr, 374 So.2d 895 (Ala.Civ. App.), cert. denied, 374 So.2d 898 (Ala.1979), cert. denied and appeal dismissed, 444 U.S. 1060, 100 S.Ct. 993, 62 L.Ed.2d 738 (1980); and (2) to provide support to the dependent former spouse. Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App.1991). It follows, then, that the logical reason for a spouse to maintain a life insurance policy naming the dependent former spouse as beneficiary is to provide a safety net in the event of the spouse's death; the policy may secure the maintenance of the financial status quo, thereby providing for the dependent former spouse's long-range security. See Grimes v. Grimes, 424 So.2d 1317 (Ala.Civ.App.1982). If, however, the status quo may be maintained otherwise or the dependent former spouse is largely self-supporting, then the long-range security of the dependent former spouse is assured. In such instances, maintaining life insurance coverage would be unnecessary.
This case provides a fair example of such a situation. The record reveals that, although the husband had experienced and would continue to experience a drastic reduction in his income, the wife had experienced an impressive accumulation of wealth directly resulting from the property settlement and her receipt of periodic alimony. The wife's projected annual after-tax net cash flow, without factoring in periodic alimony, ranged between $55,000 and $65,000 for each of the four years including and immediately following 1994. Because of (1) the increase in her net worth, (2) the substantial projected after-tax cash flows the wife is expected to enjoy, and (3) the other life insurance policies the wife maintains on the husband's life, it seems likely that the wife's security is not in jeopardy. Therefore, the evidence required the trial court to more substantially reduce or, in fact, terminate the husband's insurance obligation.
The husband also contends that the trial court abused its discretion in awarding the wife an attorney fee. We do not agree. It is a well-established rule in Alabama that the awarding of an attorney fee in a proceeding to modify a judgment awarding periodic alimony is solely within the sound discretion of the trial court. Johnson v. Johnson, 415 So.2d 1102 (Ala.Civ.App.1982). The wife's attorney testified concerning the work he had performed on this case, and another attorney testified about the amount of an appropriate fee for the work performed. Because there was evidence to support the court's award of the fee, the court did not abuse its discretion, and we affirm the judgment as to that issue.
We reverse the judgment regarding the modification of both the periodic alimony and the life insurance obligations. The case is remanded for the trial court to determine, in accordance with this opinion, whether a more substantial reduction or termination of the alimony and insurance obligations is more appropriate, given the facts of this case.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in result only.

On Application for Rehearing
YATES, Judge.
Ellen Rhee Kahn's application for rehearing is dismissed on the grounds that the brief filed in support of the application is identical to that filed on original submission to this court, in violation of Rule 40, Ala. R.App. P.
APPLICATION DISMISSED; RULE 39(k) MOTION DENIED.
*1381 ROBERTSON, P.J., and CRAWLEY, J., concur.
THIGPEN and MONROE, JJ., not sitting.