I agree with the majority's opinion regarding the attorney fees; however, I determine that the military retirement pay provision of the settlement agreement incorporated into the 1984 divorce judgment is periodic alimony and that the trial court erred, as a matter of law, in ruling that that provision is a property settlement. Therefore, I must respectfully dissent to that issue.
Several factors support my interpretation that the military retirement provision is periodic alimony. First, the military retirement provision is not included in the "Property Settlement" provision of the agreement. Rather, a separate section is entitled "Military Retirement Pay." The majority relies upon two of this court's cases, Vainrib and Stockbridge, to support its holding that this provision is a property settlement. However, those cases are distinguishable from the present case. In Vainrib, the agreement contained a separate alimony provision and a separate military retirement benefits provision. In Stockbridge, the military retirement provision was included in the property settlement section of the agreement. Here, the military retirement pay provision is not
included in the property settlement provisions of the agreement, and there is no section entitled "alimony." I conclude that the proper interpretation of the agreement is that the monthly payments the wife receives from the husband's military retirement benefits are periodic alimony. Also, as the majority states, at the time the agreement was made, *Page 885 
a trial court could not divide military retirement benefits as marital property, but could only consider it as a source of income from which to pay periodic alimony. Even though the majority states that the agreement did not provide for the payments of the benefits to cease upon the wife's remarriage, upon petition by the paying spouse, periodic alimony ceases upon the remarriage of the recipient spouse. Ala. Code 1975, § 30-2-55. The agreement did provide that the payments would cease upon the death of either party, which is a contingency not characteristic of a property division. Kahn v. Kahn,682 So.2d 1377 (Ala.Civ.App. 1996). See also Slaton v. Slaton,455 So.2d 34 (Ala.Civ.App. 1984).
The testimony does not support the trial court's determination that the military retirement pay is a property settlement. The husband's attorney questioned the wife as to the purposes of the military retirement provision in the settlement agreement:
 "Q. And I believe your testimony was that y'all had been married twenty nine years and you needed this money to live on, is that correct?
"A. Yes.
 "Q. And you needed this money to maintain you after the divorce?
"A. Yes.
"Q. This retirement?
"A. Yes. Hm hmm.
". . . .
 "Q. Okay. But you wanted this money, this half of the retirement or percentage of the retirement, that fixed amount, to help you live, is that correct?
"A. Correct.
"Q. And that's what y'all talked about, isn't it?
"A. That's right."
The wife's testimony clearly demonstrates that she intended to use the payments from the retirement for her support and to maintain her lifestyle, which are the purposes of periodic alimony. See O'Neal v. O'Neal, 678 So.2d 161
(Ala.Civ.App. 1996). The record contains no evidence that the retirement benefits were to be a division of marital assets, but rather, were intended to support the wife and to maintain her lifestyle.