The trial court, on April 18, 1994, divorced the parties, who had been married for 30 years.
On February 6, 1996, the wife petitioned for a rule nisi, asking the court to find the husband in contempt for his alleged failure and refusal to comply with the divorce judgment. She also sought to modify the alimony provision of the judgment and asked for an attorney fee. Following an ore tenus proceeding, at which the husband failed to appear, the court found the husband to be in contempt and awarded the wife a $21,600[1] judgment for past-due alimony-in-gross payments. The court also ordered the husband to pay $400 per month in alimony, beginning on April 1, 1997, and ordered that said payments be deducted from the husband's monthly military retirement benefits. The court also ordered the husband to pay the wife a $2,000 attorney fee. On July 9, 1997, the court denied the husband's post-judgment motion. This appeal follows.
The husband contends that because in the original divorce judgment the court did not reserve the question of alimony, the court *Page 1261 
has no jurisdiction to later award periodic alimony.
Periodic alimony is an allowance from the current earnings of a spouse to provide for the current and continuous support of the other. Slaton v. Slaton, 455 So.2d 34, 35 (Ala.Civ.App. 1984). A trial court may modify a judgment granting periodic alimony where there has been a material change of circumstances. Kahn v. Kahn, 682 So.2d 1377, 1379
(Ala.Civ.App. 1996). Generally, if a divorce judgment is entered without requiring alimony or reserving the question of alimony for future consideration, the power to order alimony is lost.Murphree v. Murphree, 366 So.2d 1132, 1134 (Ala.Civ.App. 1979).
A provision in a divorce agreement obligating the spouse to maintain a life insurance policy for the benefit of his dependent former spouse, once incorporated into a divorce judgment, is not modifiable if the provision is treated as a part of a property division or as alimony in gross. Kahn,supra, at 1380. However, if the provision is contingent in nature, that is, if the obligation terminates upon the dependent former spouse's remarriage or death, then the provision is modifiable. Id.
In the April 18, 1994, divorce judgment, the court expressly characterized the maintenance of the life insurance policy as being "alimony." The judgment provided:
"Fifth: Life Insurance
 "As alimony, the Defendant is ordered to maintain and keep in full force and effect and unencumbered, insurance on his life with Mutual of Omaha and Protective Life for the plaintiff's use and benefit. Said policies of such insurance shall name the plaintiff as irrevocable beneficiary and shall be delivered to the plaintiff within thirty (30) days of the date of this Judgment. He shall maintain said policies until plaintiff's death, remarriage or cohabitation pursuant to Title 30-2-55."
We find this provision contingent in nature and, therefore, modifiable. See Kahn, supra. Therefore, upon a showing of a material change in circumstances, it was within the court's jurisdiction to modify this provision of periodic alimony.
The husband next contends that the court's award of $400 per month in alimony is excessive and should be reduced.
The modification of alimony based on changed circumstances is a matter that rests soundly within the discretion of the trial court. Id. A trial court's judgment modifying periodic alimony, following the presentation of ore tenus evidence, is presumed to be correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong.Id. Further, military retirement benefits may be considered a source of income from which to pay periodic alimony. Singletonv. Harp, 689 So.2d 880, 882 (Ala.Civ.App. 1996).
At the rule nisi hearing, the wife testified that since the divorce she had had a stroke and had been hospitalized. She stated that she did not have insurance and had had to pay the hospital bills herself. The wife also testified that she worked only on a limited basis and that her monthly salary was $1,166, but that her monthly expenses totaled $1,430. The husband's net monthly military retirement benefits total $1,902.80. We find no abuse of discretion.
The wife's request for an attorney fee on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] The court awarded the wife $20,000 for 1994 and 1995, plus $1,600 interest.