CRAWLEY, Judge,
dissenting.
I dissented in Singleton v. Harp, 689 So.2d 880 (Ala.Civ.App.1996), which Judge Thompson cites as authority for his order affirming the trial court’s judgment. I conclude that the trial court erred by finding the provision in the separation agreement, incorporated into the divorce judgment, to be a property division rather than a periodic alimony provision. The provision at issue states:
“11. That the [husband] retired from the United States Army in April 1990, and is presently receiving [$970] per month [in] military retirement pension benefits as a military retiree. The parties agree that in lieu of periodic alimony, the [wife] shall receive the entire military retirement pension benefits for a period of [24] months following the rendition of the Final Judgment of Divorce; thereafter, the [wife] shall be entitled to receive []é] of all [of the husband’s] military retirement pension benefits, which would include any increases in retirement benefits, until such time as the [wife] dies.... ”
The husband filed a petition to terminate this provision, which he argues is a periodic alimony provision and, as such, is terminable, pursuant to Ala.Code 1975, § 30-2-55, upon the wife’s remarriage. The wife contends that the provision is a prop *708 erty ■ settlement, which is nonmodifiable, and that her remarriage does not terminate the provision.
I first conclude that the agreement could not be nonmodifiable alimony in gross. In order for a provision to be considered alimony in gross, “the time of payment and the amount must be certain.” Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 747 (1974). In this case, the amount of the payments is not certain, because they terminate upon the wife’s death, which will occur at an unknown time. I also conclude that the trial court erred, as a matter of law, by holding the provision to be a property division. Both the husband and the wife treat the payments as periodic alimony on their income tax returns (deductible for the husband and income to the wife). See I.R.S.Code, 26 U.S.C. § 71(b)(1). The wife testified that she uses the payments for her living expenses, which is a purpose of periodic alimony. O’Neal v. O’Neal, 678 So.2d 161 (Ala.Civ.App.1996). Finally, the provision terminates upon the death of the wife; such a termination is not characteristic of a property division. Kahn v. Kahn, 682 So.2d 1377 (Ala.Civ.App.1996). See also Slaton v. Slaton, 455 So.2d 34 (Ala.Civ.App.1984).