No. 89-568

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CHARLOTTE MAY PATZER, n/k/a
CHARLOTTE SKINNER,

      Plaintiff and Appellant,

   -v-

JAMES HOWARD PATZER, United States of
America, Commander of Air Force
Accounting and Finance Center, and
DOES I Through III,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Linda L. Harris, Harris & Ventrell, Billings,
Montana

      For Respondent:

          E. Lee LeVeque, Conklin, Nybo & LeVeque, Great
Falls, Montana

Submitted on Briefs: April 19, 1990

Decided: May 24, 1990

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Charlotte May Patzer (Mrs. Patzer) filed a complaint for partition of personal property; namely defendant's (Mr. Patzer) military pension. The District Court of the Eighth Judicial District, Cascade County, granted defendant's motion to dismiss pursuant to Rule 12, M.R.Civ.P. Plaintiff appeals. We affirm.

The sole issue for our consideration is whether the District Court erred in granting defendant's motion to dismiss.

Mr. and Mrs. Patzer were married in 1966 and divorced in 1979. The parties entered into a separation agreement (Agreement). After specifically finding that the Agreement was not unconscionable, the District Court incorporated the Agreement into the Decree of Dissolution. The Agreement provided in pertinent part:

> THIS AGREEMENT made this 16th day of January, 1979, between CHARLOTTE MAY PATZER, hereinafter referred to as Wife, and JAMES HOWARD PATZER, hereinafter referred to as Husband; . . .
>
> WHEREAS, it is the desire of the parties to finally and for all time settle and determine the property rights, rights to the custody of the support payments for the minor child of the parties, and all other rights existing between the parties and growing out of the marital relationship;
> . . .
>
> 7. PERSONAL PROPERTY: That prior hereto, the parties have divided their household furniture and personal effects in a mutually satisfactory and equitable manner. That the Wife has the use, title and possession of a 1972 Buick Riviera automobile and the Husband has a 1973 GMC pickup. The Husband shall assume all underlying liens, debts and encumbrances on the aforementioned vehicles at the Malstrom Federal Credit Union. That the Husband has received all right, title

2

and interest to his tools, guns, two (2) motor cycles and motor cycle trailer, pool table, console television, console stereo and family room furniture. The Wife has all right, title and use to the remaining household items, furniture and effects as well as Wife's personal effects.

. . .

14. COVENANT OF FULL DISCLOSURE: Each party covenants that he or she has made a full disclosure to the other of all property owned by him or her or by the parties together, and of all income derived from such property, or income derived from other sources by either of the parties; and it is agreed that this instrument shall constitute a full and final settlement between the parties based upon such disclosure by each of the parties to the other, and to the extent that such full disclosure may be discovered in the future to have been incomplete, this agreement shall not be final as to such undisclosed property or income.

On February 3, 1988, nearly 10 years after the entry of the Decree of Dissolution, Mrs. Patzer filed a complaint alleging that the Decree of Dissolution did not "specifically or otherwise provide" for the distribution of Mr. Patzer's military pension. She further alleged that she was a co-owner or tenant in common in the pension fund by virtue of the past marriage of the parties, and requested that the pension be partitioned between the parties.

Mr. Patzer filed a Rule 12, M.R.Civ.P., Motion to Dismiss on the grounds that it failed to state a claim upon which relief can be granted; lacked jurisdiction of subject matter; was not timely; was barred by res judicata; and was barred by laches.

The District Court treated the complaint as a pleading pursuant to Rules 59 and 60, M.R.Civ.P. or a motion under §40-4-208, MCA. It concluded that the complaint was not timely; res judicata barred the complaint; laches barred the complaint; and no conditions existed which would justify the reopening of the

3

judgment. From that decision, Mrs. Patzer appeals.

Mrs. Patzer brought this action for partition of personal property under §70-2-211, MCA (1987), rather than seeking a modifiction of the decree under §40-4-208(3), MCA. She contends that until partitioned and distributed by the Court, the parties to this action hold the military pension in dispute as tenants in common and the lapse of time between the dissolution and this action is therefore irrelevant. She maintains that the military pension was not considered by the District Court because it was not specifically mentioned.

Mr. Patzer urges that §70-2-211, MCA, does not control this action. He contends it would be ludicrous to set forth each specific item of personal property in a decree of dissolution. Lastly, he maintains that pensions are marital assets. We agree.

Although Mrs. Patzer brought this action as a partition of personal property, we conclude that § 70-2-211, MCA, is not controlling here. Rather, § 40-4-208(3), MCA, controls, which states:

> The provisions as to property disposition may not be revoked or modified by a court, except:
>
> (a) upon written consent of the parties; or
> (b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

Military pensions are marital assets subject to equitable distribution. In re Marriage of Miller (1980), 187 Mont. 286, 609 P.2d 1185. Mrs. Patzer relies on the California case of Casas v. Thompson (Cal. 1986), 720 P.2d 921, for the proposition that the

4

military pension is community property and thus allows the ex-wife to assert her interest for partition of the pension because the asset was not before the court at the time of the dissolution. Casas interpreted the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 ("USFSPA"). We have also addressed USFSPA in Montana in In re Marriage of Waters (1986), 223 Mont. 183, 724 P.2d 726. In Waters the issue was whether USFSPA should be applied retroactively to final decrees of dissolution which were entered subsequent to the United States Supreme Court decision in McCarty v. McCarty but prior to USFSPA. McCarty v. McCarty (1981), 453 U.S. 210, held that federal law precluded state courts from dividing military retirement pay pursuant to state community property or equitable distribution laws. In Waters the final decree of dissolution had not been entered when McCarty was decided. Hence, even though Montana had treated military pensions as a marital asset, McCarty affected the final decree and Mr. Waters pension was held not to be a marital asset. This Court stated:

> The law in Montana prior to McCarty was such that military pensions were treated like any other asset of the marriage and were subject to equitable distribution. After the USFSPA was passed, this Court . . . reaffirmed that military retirement pay constituted a marital asset. Thus, those spouses of members of the armed forces who obtained dissolutions prior to McCarty were entitled to share in their spouses' military pension. . . .
> The legislative history of the USFSPA indicates that the Act was meant to apply to those spouses who were divorced during the period between McCarty and the Act.

Waters, 724 P.2d at 729, 730. McCarty was decided in 1981. The Patzers' marriage was dissolved in 1979, prior to both McCarty and the USFSPA. Therefore Mr. Patzer's military pension is clearly a

5

marital asset and Title 40 controls.

The parties agreed that the Separation Agreement was a "full and final settlement". A separation agreement does not have to mention every single item of property the parties hold at the time of their dissolution. Furthermore, since Mrs. Patzer specifically states she does not claim that the Agreement was unconscionable, there is no basis to reopen the judgment under §40-4-208, MCA. We hold that the District Court was correct in granting Mr. Patzer's Motion to Dismiss. We conclude it is unnecessary to address the issues of laches, res judicata and lack of jurisdiction.

Affirmed.

_____
Justice

We Concur:

_____
John Conway Harrison

_____
Diane G. Barz

_____
William E. Hunt

_____
John C. Sheehy
Justices