No. 91-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
MARY B. LASKEY,

Petitioner and Respondent,

and

FREDERICK H. LASKEY,

Respondent and Appellant.



FILED

APR 10 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Michael S. Smartt, Great Falls, Montana

For Respondent:

Joan E. Cook; Miller & Cook, Great Falls, Montana


Submitted on Briefs: January 23, 1992

Decided: April 10, 1992

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Frederick K. Laskey appeals from an order of the Eighth Judicial District Court, Cascade County, modifying the decree of dissolution. We reverse.

The sole issue on appeal is whether the District Court erred in modifying the decree of dissolution as to the family home and as to the husband's military pension.

Frederick H. Laskey and Mary B. Laskey were married September 22, 1971. The parties have four children, three of which are minors. The parties separated in March of 1985 and entered into a written separation agreement dated June 21, 1985. The husband's military pension was not specifically mentioned in the agreement.

The pertinent part of the separation agreement reads as follows:

### Section Three
### Property Division

The parties have heretofore divided the properties, both real and personal, which they owned either together or separately, as follows: . . .
3. House at 3716 2nd Avenue South, Great Falls, Montana, is to remain in joint tenancy but that wife is to be given a power of attorney so that she has the option to sell the house with the proceeds to be divided equally; . . .

### Section Four
### Release of Property and Estate Rights

Each party hereby waives, relinquishes, and releases all right and claim in or to the property of the other, including all rights of dower and curtesy . . .

### Section Eight
### Independent Representation by Counsel

In connection with her status, rights, privileges, duties, and obligations, and the preparation of this

agreement, the wife has been independently represented by and has had the benefit of the counsel and advise of Scott M. Radford, a member of the Bar of the State of Montana and State of California. The husband has not sought counsel and has done this knowingly and voluntarily.

Section Nine<br>
Modification

This agreement is to be modified only by written agreement signed by both parties.

The separation agreement was incorporated into the decree of legal separation on August 15, 1985. The Honorable Judge Bradford, in this decree, found the parties made a reasonable division of their property. Section 40-4-201, MCA (1985), governs separation agreements. It provides in part:

> (2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

In 1989, the husband filed a petition for dissolution. Notice of entry of decree was entered and served on July 11, 1990. The District Court, in its findings of fact, found that husband's military pension was not specifically included in the separation agreement but that it was included within the general terminology of the separation agreement.

Wife subsequently filed a motion for reconsideration. On reconsideration, the District Court found that the absence of any mention of the military pension was intentional and did not constitute a waiver or relinquishment of the pension by the wife.

3

The District Court based this finding on the fact that wife's attorney advised her that she had a vested interest in the pension and that mention of the military pension was not required.

The District Court awarded the wife 50 percent of the military pension accrued during the marriage. In regards to the family home the court ruled that the trial date would be the date to determine the equity of the family home. The court divided the equity in the house equally between the parties at the time of sale. The wife was to pay the husband his share at the time of sale, and the property was to be sold no later than six months following the date the youngest child of the marriage reaches majority.

Our standard of review is whether or not the District Court abused its discretion in applying Rule 60(b)(6), M.R.Civ.P., to the motion for reconsideration. Marriage of Lorge (1984), 207 Mont. 423, 430, 675 P.2d 115, 118.

The District Court, in relieving wife of its prior judgment, relied on Rule 60(b)(6), M.R.Civ.P. Rule 60(b)(6) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

Section 40-4-208(3), MCA (1991), governs modification of property dispositions; it provides:

> The provisions as to property disposition may not be revoked or modified by a court, except:
> (a) upon written consent of the parties; or
> (b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

4

Under § 40-4-201(3), MCA, which governs separation agreements, the standard that would justify reopening the judgment is unconscionability.

Wife is not arguing that the separation agreement is unconscionable. She asserts that since the military pension was not mentioned in the agreement, her entitlement to it has yet to be decided. Recently, we reviewed a similar case involving a separation agreement which did not specifically mention the military pension. Patzer v. Patzer, 234 Mont. 34, 792 P.2d 1101. Mrs. Patzer did not claim the agreement was unconscionable. Patzer at 38, 792 P.2d at 1103. She also argued that the district court did not consider the military pension because it was not mentioned in the separation agreement. Patzer at 36-37, 792 P.2d at 1102. We said that a separation agreement did not have to mention every single item of property the parties hold at the time of their dissolution. Patzer at 38, 792 P.2d at 1103.

The military pension was part of the marital estate when the separation agreement was drafted and signed. The wife was aware at the time of the agreement that her husband would receive a military pension. The wife has presented no facts evidencing unconscionability, nor has she alleged the agreement was unconscionable.

In Patzer, we affirmed our position that military pensions are marital assets subject to equitable distribution. Patzer at 37, 792 P.2d at 1103 citing In re Marriage of Miller (1980), 187 Mont. 286, 609 P.2d 1185. In 1981, the United States Supreme Court held that federal law precluded state courts from dividing military

5

retirement pay pursuant to state community property or equitable distribution laws. McCarty v. McCarty (1981), 453 U.S. 210, 69 L.Ed.2d 589, 101 S.Ct. 2728. However, the United States Congress essentially overturned that decision in 1983, allowing the states to apply the law of their respective jurisdictions. See 10 U.S.C. § 1408 (1983). As noted, the separation agreement was signed in 1985.

In Patzer, as here, the separation agreement stated it was a full and final settlement of their property rights. Patzer at 38, 792 P.2d at 1103. The separation agreement signed by the Laskeys in Section Four above, recited each party's relinquishment to the property of the other. While the language of the Laskey separation agreement is not as strong as the wording of the Patzer agreement, it accomplishes the same finality regarding property not specifically mentioned therein.

For the reasons set forth above, we conclude that it was reversible error for the District Court to reopen the decree absent a finding of unconscionability as required by statute. Therefore we reverse the order of the District Court and remand for proceedings not inconsistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_William E. Hunt, Sr._

_John Conway Harrison_

_Terry Trieweiler_

_____
Justices

Justice Fred J. Weber dissents as follows:

I agree with the majority holding that under § 40-4-201(3), MCA, which covers separation agreements, the standard that would justify reopening the judgment is unconscionability. In substance the majority appears to conclude that because the wife is not arguing that the separation agreement is unconscionable, it is proper to conclude the court's order modifying the dissolution decree was reversible error on the part of the District Court.

The Findings of Fact Conclusions of Law and Order, dated December 21, 1990, on the part of the District Court, pointed out that the motion to reconsider came on for hearing on December 19, 1990, and that Mrs. Laskey and her counsel were present but that no appearance was made by Mr. Laskey or his counsel. Mrs. Laskey presented witnesses and the court made the following pertinent findings of fact and conclusions:

## FINDINGS OF FACT

\* \* \* \*

3. That the Legal Separation proceedings were never intended to serve as a complete legal division of the parties' marital assets.

4. During the proceedings to obtain a Legal Separation, Mr. Radford [Mrs. Laskey's attorney] informed Mrs. Laskey that she was entitled to a portion of Mr. Laskey's pension. It was Mr. Radford's understanding that the military pension was controlled by federal statute and that it was not required that the military pension be specifically mentioned as a divisible marital asset in the Separation Agreement.

5. That the absence of any mention of the military pension was intentional and did not constitute a waiver or relinquishment of Mr. Laskey's military pension as a marital asset.

\* \* \* \*

8

10. Mr. Laskey has offered to give Mrs. Laskey the entirety of the marital real property as well as increased child support should she waive the receipt of his military pension. This offer was never accepted.

11. That at no time did Mrs. Laskey receive a marital asset which would have served as adequate consideration for a waiver of rights to a share of her husband's military pension.

\* \* \* \*

18. That as of this date, the military pension of Mr. Laskey has not been divided between the parties, nor has the real property accumulated by the parties located at 3716 2nd Ave. South, Great Falls, Montana.

CONCLUSIONS OF LAW

\* \* \* \*

3. That facts of this case presented at hearing clearly justify this court using its discretion to equitably relieve Petitioner [Mrs. Laskey] from the operation of the ruling made by this Court on June 7, 1990.

4. That Petitioner, Mary B. Laskey has not relinquished or waived her right to her husband's military pension.

5. That there was a lack of adequate consideration present for such a contract of waiver or relinquishment to have been effected.

6. That the real property of the parties accumulated during the marriage, as well as the Respondent's military pension have yet to be divided between the parties in the dissolution proceeding.

The District Court based its conclusions of law on Rule 60(b)(6), M.R.Civ.P. Notwithstanding any statements made in the Separation Agreement, the uncontradicted findings of fact on the part of the District Court establish that Mrs. Laskey understood she was entitled to a portion of the pension and that it was not required that the military pension be mentioned in the Separation Agreement; that the absence of a mention of the military pension was

9

intentional and did not constitute a waiver on the part of Mrs. Laskey; and that Mrs. Laskey did not receive adequate consideration for a waiver of her rights as to the military pension. The District Court concluded that such facts clearly justified using its discretion to "equitably relieve" Mrs. Laskey from the operation of the ruling previously made. We note that the previous ruling on the part of the District Court was its holding that the military pension had been waived due to the language of the Separation Agreement which is the position taken by the majority opinion.

While it is true that the District Court did not use the term unconscionable, it did conclude that it was justified in using its discretion to equitably relieve Mrs. Laskey from its previous ruling. The majority opinion states that Mrs. Laskey has presented no facts evidencing unconscionability. I conclude the following findings of fact of the District Court evidence unconscionability: The absence of any mention of the military pension was intentional and did not constitute a relinquishment of claim to the military pension; Mrs. Laskey's understanding through her attorney that the military pension need not be mentioned in the Separation Agreement; and at no time did Mrs. Laskey receive adequate consideration for a waiver of her rights in the military pension. I would therefore affirm the District Court.

The majority opinion relies on the Patzer case. There are a number of factual distinctions between the two cases. In the Patzer case, the District Court considered a separation agreement

**10**

as a part of the dissolution proceeding and specifically found the agreement was not unconscionable. In the present case, the separation agreement was entered into in 1985 and the dissolution took place in 1990. There was no finding of the absence of unconscionability in the present case as was present in Patzer. I therefore do not find the Patzer holding controlling.

_____
Justice

11