This is a divorce case.
On March 10, 1977 the parties to this action separated after twenty-five years of marriage. On January 30, 1979 the parties were divorced for incompatibility of temperament.
Four children were born of the marriage. The youngest is almost nineteen years old and lives with his father.
The plaintiff-husband is a forty-nine year old retired Army Chief Warrant Officer with a retirement income of about $655.51 monthly. He is also presently employed by Doss Aviation earning between $1,000-$1,100 per month. His health is good.
The defendant-wife is a forty-nine year old housewife. She suffers from phlebitis, back and eye problems, alcoholism, and tuberculosis. She is unemployed and has minimal job skills.
In the divorce decree the trial court awarded the parties' jointly owned residence to the defendant and required her to satisfy the mortgage, which has an outstanding balance of about $13,000; gave her all the household furniture and furnishings except plaintiff's personal effects; and gave the defendant the 1969 Mercury which was paid for. The plaintiff was awarded a mobile home upon which there was a mortgage, a 1970 Toyota pick-up truck, a ski boat and motor, both of which were covered by mortgages, and a 1964 Chevrolet automobile and a 1970 Ford pick-up truck.
The plaintiff was also required to pay $400 per month to defendant as periodic alimony until she died or remarried, and also the trial court awarded twenty-five percent of the plaintiff's retirement income to defendant for as long as plaintiff receives such benefits.
In his brief here plaintiff argues that the trial court erred in its property and alimony awards and that the trial court particularly erred in awarding defendant a portion of plaintiff's retirement income as a property settlement.
As suggested by plaintiff in brief, the division of property and award of alimony in a divorce case is within the sound discretion of the trial court and the exercise of such discretion will not be reversed except for palpable abuse.Clary v. Clary, 56 Ala. App. 494, 323 So.2d 380 (1975). Also, there are no fixed standards for determining the amount of alimony to be awarded or the disposition of the parties' property. Each case must be decided on the basis of its own facts. Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718 (1975). Nevertheless, in making such an award, there are certain factors the trial court should be aware of, such as: future prospects of the *Page 1146 
parties, age, health, station in life, and length of the marriage. Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041,writ quashed, Ala., 350 So.2d 1045 (1977).
The evidence shows that the wife is forty-nine years old, in poor health, and an admitted alcoholic. She has limited job skills which results mainly from the fact that she has been a housewife and mother for the past twenty-five years. On the other hand the plaintiff is in good health, has a good job earning about $1,100 per month, and with good prospects for the future.
Based on the evidence, we cannot say that the trial court abused its discretion in the award of alimony or in the division of the parties' property.
Plaintiff's other issue is that the trial court exceeded its authority in awarding defendant twenty-five percent of plaintiff's service retirement income for as long as he shall receive such benefits.
The controversial portion of the trial court's decree is as follows:
 The Court is further of the opinion that the retirement benefits which the husband is entitled to receive accrued during the 26 years of marriage. The benefits or credits were earned during the marriage and were vested during the marriage and were payable during the marriage. The Court is of the opinion that the wife is entitled to receive 25% of these benefits for as long as the husband receives these benefits. These payments are not to be considered periodic alimony out of the future income of the husband. These payments are her share of the retirement benefits which were vested or which accrued during the marriage.
. . . . .
 7. that the plaintiff shall pay to the defendant 25% of his retirement income and the plaintiff is ordered to make out any allotment for the benefit of the defendant in this amount. Said sum is due and payable as of February 1, 1979 and is payable each month thereafter so long as the plaintiff is entitled to receive such benefits.
Plaintiff says that the trial court treated his retirement income as community property and that Alabama is not a community property state. Furthermore, plaintiff contends that his retirement income is his own separate property and cannot be awarded to the defendant. Also, plaintiff suggests that the trial court has in reality merely given defendant an additional award of alimony although attempting to make it out to be something other that what it is: alimony.
Defendant replies that the award to her of twenty-five percent of plaintiff's retirement income is nothing more than a property award, the substance of which accrued over the period of the marriage. She likens this property to any other property the parties might have acquired during the marriage.
Appellant contends that the trial court treated the retirement benefits as community property which does not exist in Alabama. Alabama is not a community property state, and the trial court could not dispose of the parties' property as though it were such a state. Although there is no specific authority in Alabama, this court believes that Mr. Kabaci's retirement benefits can be used as a source of income from which to pay periodic alimony. See Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645 (1948). Nevertheless, the trial court held that the allowance to the wife out of the husband's retirement income is not to be considered as periodic alimony and thus subject to modification.
The trial court having said that the award to the wife of one-fourth of the husband's retirement benefits was not to be considered periodic alimony, we must now decide if the award can be classified as either alimony in gross or a property division.
After an exhaustive search, we have been unable to find any authority for a court to treat an award of retirement benefits as either a property settlement or alimony in gross. In the absence of sound *Page 1147 
authority for so classifying such an award, we decide that such cannot be done by the courts of this state.
The trial court's decision that a portion of the husband's retirement benefits is vested in the wife is error, and that portion of the decree is reversed. The remainder of the decree is affirmed.
The case is remanded to the trial court for it to decide whether to treat the award of a portion of the husband's retirement income as periodic alimony to the wife or to vacate that portion of its decree here deemed erroneous.
Appellee's motion for attorney's fees is denied.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.