I concur in the decision of the majority insofar as it affirms the judgment of the trial court, but respectfully disagree with and dissent from the finding of error in the two aspects of the judgment and the reversal thereof.
The judgment below was set out in great detail in eight typewritten pages. The majority found erroneous a portion thereof providing alimony to the wife. The judgment directed the payment of $300 per month as alimony. It said that at such time as the husband ceases to make child support payments, the alimony would be increased. If the husband was paying as much as one-half of the college and living expenses of his children during their college careers, the wife's alimony would be increased only to $400 per month. After the children complete college and the father no longer has the expense of assisting with their education, the alimony increases to $500 per month. Though the judgment does not say so, it must be inferred that if the children should not go to college or the husband does not provide one-half of their expense, the alimony, in either event, would increase to $500 per month.
The majority construes this part of the judgment to require the husband to support the children after they reach majority by indirection, i.e., unless he pays one-half of their college expense he must pay more alimony. I do not so construe the judgment.
The court plainly says that as soon as the husband's legal obligation to support his children ends (they reach majority), the alimony of the wife will increase.
If the husband is aiding in sending the children to college by contributing at least one-half of their expenses, and so long as he continues to do so, the alimony will increase from $300 to $400 per month. If he is not contributing or if the children are no longer in college, the alimony will be $500 per month. Such contingent liability for alimony is clearly not an attempt by the court to coerce the father to support his children after his legal obligation ceases, but is merely a recognition of his diminished ability to pay increased alimony if he assumes the expense of assisting his children in their college careers. It permits the father to assist his children at the expense of the wife. The principle of Godec v. Godec,supra, relied on by the majority is not applicable.
The second finding of error in the judgment by the majority is even more untenable. The provision found erroneous relates to the delay of the sale of the home upon the remarriage of the wife. It is provided that if the wife remarries during the minority of the children or while any of them are *Page 1069 
in college, the jointly-owned home is not required to be sold until the expiration of twelve months after the children reach majority or finish college, whichever is applicable.
The majority again sees this order as requiring the husband to furnish support for the children after they reach majority. I am unable to find it so.
The home is jointly owned by the parties. The court ordered it to remain so, with the right of use and occupancy given to the wife. She is required to pay the mortgage payments, taxes and insurance. It is to be sold only at the election of the wife, with the division of proceeds prescribed if she elects to sell. However, if she remarries it is ordered sold, but only under the conditions found erroneous by the majority.
The parties submitted themselves and their property to the jurisdiction of the court. The court could divide, dispose or otherwise exercise that jurisdiction according to its reasonable discretion. Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979). It could have conditioned the sale of the home, if at all, upon any reasonable condition. The condition of and time of the sale was evidently set to primarily benefit the mother and not the children. The children might never stay in the home if the mother remarried. However, the mother was given the right to keep her home, even after remarriage, so that her children might visit her or even live with her if they chose. After all, she owned a joint interest and paid the mortgage and expenses for its maintenance.
Under the theory of the majority, it would be requiring the father to contribute to the support of the children if they remained in the home with their mother after reaching majority and she never remarried. The only way to avoid such a conclusion would be to require the children to leave the home at majority and never return. Of course, such an order would be out of the question.
For the evident fallacy of the opinion of the majority, I dissent.