Sheila and Billy R. Cole were divorced on April 8, 1987. After an ore tenus hearing, the trial court awarded the homeplace to the husband and awarded to the wife a lot and trailer at Smith Lake and a lot and trailer at Laguna Beach, Florida. The court gave the wife the right to receive one half of the husband's retirement and pension benefits accrued as of the divorce, when the husband retired, terminated the plan, or withdrew the funds. The husband was also ordered to pay to the wife as periodic alimony $1,000 per month until the wife received the payments from the husband's retirement and pension funds. The *Page 22 
court ordered each party to pay their respective attorneys. The wife appeals the decision of the trial court.
The issue on appeal is whether the trial court abused its discretion in the division of property between the parties.
We note that the division of property is within the sound discretion of the trial court and will not be reversed on appeal except where such discretion was plainly and palpably abused. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App. 1985). Furthermore, in a divorce case where evidence is heard ore tenus, the judgment appealed from is presumed correct. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App. 1986).
This court pretermits a detailed summary of the evidence. However, we do note that the two parcels of property awarded to the wife are fully paid for and have a consolidated value of $31,000.00. In addition, the wife was awarded an insurance plan with the husband paying premiums, funds from a certificate of deposit, certain shares of stock, and certain items of personal property.
The pension plan benefits in which the trial court ordered that she is to receive a share total $240,000.00, accrued as of April 8, 1987; thus, she would receive $120,000.00 when the husband terminates the plan, withdraws, or retires. The court ordered that, until she receives those retirement benefits, the wife will receive $1,000.00 per month in periodic alimony. In Alabama, the law holds that, in divorce actions, a court cannot treat an award of retirement benefits as either a property settlement or alimony in gross. Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979). Thus, the lower court's award of one half of the husband's retirement benefits to the wife is error. We must reverse that portion of the decree and remand this issue to the trial court.
The wife on appeal also contends that it was an abuse of discretion for the trial court to fail to award attorney's fees to the wife in the original hearing. It is clearly the position of this court that attorney's fees are a matter of judicial discretion. Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App. 1980). The court may consider in its decision certain factors, including the wife's financial worth and income, as well as her possession of securities and bank accounts. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). Thus, we are not able to say that the trial court erred to reversal by ordering the wife to pay her own attorney's fees.
This case is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and HOLMES, J., concur.