MADDOX, Justice
(dissenting).
By quashing the writ as improvidently granted, the Court necessarily agrees with the statement of law contained in the opinion of the Court of Civil Appeals that the trial court could not award one-half of the husband’s retirement benefits to the wife as periodic alimony. The respondent, in his brief, “does not dispute that the present law in Alabama is that retirement benefits may be used as a source of income from which periodic alimony may be granted.” Respondent’s only argument in support of the opinion is that “[t]he Court of Civil Appeals could logically conclude that the payment of one-half the retirement benefits of the husband would be received as alimony in gross or division of property.”
The majority, I believe, erroneously accepts the argument, as did the Court of Civil Appeals, that the effect of the trial court’s order was to make an award of alimony in gross. I do not so read the trial court’s order. It appears to me that the trial judge, in this case, specifically ordered that one-half of the retirement benefits would be paid as periodic alimony, not as alimony in gross or as a property settlement; therefore, it is my opinion that the trial judge was authorized to do this, and it is my considered judgment that this Court, by quashing the writ, has misconstrued the effect of the trial court’s order and, by doing so, has failed to follow the law of Alabama, which specifically provides that retirement benefits may be used as a source of income from which periodic alimony may be granted. Therefore, I must respectfully dissent, and I set out some of the facts and the principles of law that lead me to the conclusion I reach.
The order of the trial court, in pertinent part, reads as follows:
“A. That the husband is a participant in three retirement plans with his employer, Liberty National Insurance Company and that all of these plans are qualified pension plans within the meaning of the Retirement Equity Act of 1984. These plans are:
“1. Liberty National Life Insurance Company Pension Plan.
“2. Profit Sharing and Retirement Plan of Liberty National.
“3. Torchmark Corporation Savings and Investment Plan.
U * * * *
“As periodic alimony, the Court does hereby assign to the wife, Sheila Cole, the right to receive one-half (⅞) of all benefits on each plan that accrued to the participant as of April 8, 1987 (the date of this Decree of Divorce), and the administrator of these plans is directed to make payments from the plans to Sheila Cole according to this order; provided however, said payments shall not be made until earliest of: the participant’s withdrawal of funds from the plans; termination of the participant or retirement of the participant.
“The wife shall notify the administrator of any change in her address.
“The husband shall not make any loans against any of these pension plans that would reduce the wife’s assignment created in this order.
“The Clerk of this Court is directed to forward a copy of this order to Carr W. Patterson, Administrator of the Plans.
“B. That, effective July 1, 1987, the husband shall pay to the wife, as periodic alimony, $1,000.00 per month. Said payments shall continue until the wife is eligible to receive the payments *24 as outlined in part A (above) or until she is otherwise disqualified from receiving periodic alimony under law, and at such time, the requirement of payment of alimony from the husband to the wife shall cease.”
The paramount issue presented is whether the award made by the trial judge was in fact “periodic alimony” or was, instead, a property settlement or alimony in gross, as determined by the Court of Civil Appeals. I believe the award was “periodic alimony” to be paid by the administrator in payments of $1,000 per month.
In McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977), the Court of Civil Appeals distinguished between periodic alimony and alimony in gross, as follows:
“In contrast to an award of child support and periodic alimony, a provision for a property settlement in a decree of final divorce is not a continuous provision. After a lapse of thirty days from the date of rendition of the decree, a court of equity cannot modify a property settlement provision except to correct clerical errors. Kelley v. Kelley, 53 Ala.App. 608, 303 So.2d 108 (1974); Rule 59, ARCP. See also Cochran v. Cochran, 289 Ala. 615, 269 So.2d 897 (1972). There was no appeal from the original decree and it is therefore now final. The trial court had no authority to modify the requirement that the husband make the mortgage payments on the house if that requirement is characterized as part of the property settlement.
“If not a portion of the property settlement, then the requirement of which the husband complains is alimony in gross. Under Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), an award is alimony in gross when the amount of payment is fixed, the time of payment is certain, the award is clearly denominated as ‘alimony in gross,’ and the trial court reserves no right in itself to later modify the provisions. The award in question meets all of these requirements. The amount is fixed, as the outstanding indebtedness on the mortgage is certain of calculation. The time of payment is certain, namely monthly until the mortgage is satisfied. The trial court denominated the award as alimony in gross or a property settlement, clearly intending the award by whatever name called to be compensation to the wife for loss of her rights in the husband’s estate. Finally, there was no reservation of control over the award by the trial court. Hager reaffirmed the long line of decisions in this state holding an award of alimony in gross is not modifiable. Again, as there was no appeal from the original decree, the order is final and the trial court had no authority to modify the provision in question.”
I agree with the petitioner, therefore, that the retirement benefits in question can be a proper source of income from which periodic alimony payments may be made, and as I have already pointed out, even the respondent admits this is the law. In Kabaci v. Kabaci, 373 So.2d 1144, 1146 (Ala.Civ.App.1979), the court specifically held that a husband’s retirement benefits “[could] be used as a source of income from which to pay periodic alimony.” See, also, Holcomb v. Smith, 404 So.2d 709 (Ala.Civ.App.1981); Edwards v. Edwards, 410 So.2d 91 (Ala.Civ.App.1982); Dorey v. Dorey, 412 So.2d 808 (Ala.Civ.App.1982).
As I read Kabaci, the Court of Civil Appeals reversed the judgment in that case because the trial judge, in his order, stated that the award of 25% of the retirement benefits “[w]ere not to be considered periodic alimony out of future income of the husband.” (Emphasis added.)
The judgment in Kabaci reads as follows:
“The Court is further of the opinion that the retirement benefits which the husband is entitled to receive accrued during the 26 years of marriage. The benefits or credits were earned during the marriage and were vested during the marriage and were payable during the marriage. The Court is of the opinion that the wife is entitled to receive 25% of these benefits for as long as the husband receives these benefits. These payments are not to be considered periodic alimony out of the future income of the husband. These payments are her *25 share of the retirement benefits which were vested or which accrued during the marriage. (( * * * *
"... [T]he plaintiff shall pay to the defendant 25% of his retirement income and the plaintiff is ordered to make out any allotment for the benefit of the defendant in this amount. Said sum is due and payable as of February 1, 1979 and is payable each month thereafter so long as the plaintiff is entitled to receive such benefits.”
373 So.2d at 1146. (Emphasis added.)
Respondent husband, in his brief, argues that the present case is not in conflict with Holcomb, Edwards, Dorey, or Kabaci, and contends that the Court of Civil Appeals, in those cases “was describing the payments of periodic alimony based on a military retirement and/or benefit check which was to be received monthly by the husband.”
I recognize that the petitioner would have us overrule prior cases holding that courts cannot treat an award of retirement benefits as either a property settlement or alimony in gross, but I do not believe that we need to go that far in this case, because, as I read the order of the trial court, that is not its effect.
To reach the conclusion I reach, of course, I assume that the trial judge intended that the award to the wife, was, in fact, “periodic alimony” and that the source of the payments was the “one-half (½) of all benefits on each plan that accrued to the participant as of April 8, 1987.” As I read the trial court’s order, the wife was to receive $1,000 per month until the benefits were payable under the retirement plans, and then she was to receive $1,000 per month until she received the value of one-half of the retirement benefits, or was otherwise “disqualified.” See paragraph B of the order. If I am mistaken in my interpretation of the trial court’s order, then, of course, I would agree with the majority.