This is a divorce case.
Janice Charlotte Grigsby (wife) filed her petition for divorce against Mickey Haskin Grigsby (husband), alleging, inter alia, an irretrievable breakdown of the marriage, incompatibility of temperament, and adultery. Following ore tenus proceedings, the trial court granted a divorce on the grounds of incompatibility of temperament, and, among other things, gave the wife custody of the minor child; ordered the husband to pay child support and to provide the child's medical and hospital insurance; and ordered the husband to pay $300 per month alimony
 "with said alimony payments to terminate immediately upon the death of either party, or on the remarriage of the [wife], or when the mortgage indebtedness on said home is paid, or when the home and real estate . . . is sold, transferred, or disposed of by the [wife], or when the [wife] no longer maintains [same] as her and [the child's] sole and permanent residence, or when causes recognized by the Code of Alabama § 30-2-55
occur, or when further orders of this Court are entered, whichever should first occur."
It further ordered that the home and jointly owned real estate, the automobile, and the lawn tractor be the separate property of the wife, subject to any indebtedness due thereon; granted the husband the right to claim the minor child for income tax purposes; and awarded the wife an attorney's fee.
Following the denial of appropriate post-judgment motions, the wife appeals, raising five issues: (1) whether she was entitled to receive one-half or an equitable share of the husband's 401(k) stock plan; (2) whether the trial court erred in granting the divorce on the grounds of incompatibility; (3) whether the trial court abused its discretion in making the award of periodic alimony conditional upon the wife and the child living in the marital home awarded to her; (4) whether the trial court erred in failing to address and assign any of the personal marital debts of the parties; and (5) whether the trial court erred in granting the husband the privilege of claiming the minor child for income tax purposes.
The wife contends that the 401(k) plan is not a retirement plan and that it should be divisible as marital property. There is no dispute that the stock purchase plan is a qualified plan under IRS Code § 401(k). Therefore, while the initial entry into the plan is voluntary, any withdrawal or distribution therefrom is limited to separation from employment, death, or disability, or the attainment of a certain age. The testimony reflects that the husband's only retirement plan is this employer-sponsored stock purchase plan. It is well settled in Alabama that retirement benefits are not divisible for the purpose of a property settlement or an award of alimony in gross. Cole v. Cole, 538 So.2d 21 (Ala.Civ.App. 1987); Kabaciv. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979). Therefore, we must hold that the trial court's refusal to treat the 401(k) plan as divisible property was not error. Nelson v. Nelson,611 So.2d 1113 (Ala.Civ.App. 1992).
Next we turn to the issue concerning whether the trial court erred in granting the divorce on the grounds of incompatibility. Ala. Code 1975, § 30-2-1, in pertinent part, reads:
 "(a) The circuit court has power to divorce persons from the bonds of matrimony, . . .
". . . .
 "(7) Upon application of either the husband or wife, when the court is satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together."
The ground for divorce of incompatibility "gives to the trial court new discretionary power and its determination that a divorce *Page 37 
should be granted or should not be granted on such ground will only be reversed if such decision is plainly and palpably wrong." Phillips v. Phillips, 49 Ala. App. 514, 521,274 So.2d 71, 78 (Ala.Civ.App.), cert. denied, 290 Ala. 370,274 So.2d 80 (1973); see also Lipham v. Lipham, 50 Ala. App. 583,281 So.2d 437 (Ala.Civ.App. 1973). To review the facts of this dysfunctional union would serve no purpose; however, it is sufficient to point out that there was evidence from both parties and their now-adult son regarding the marital discord between the parties, both before and after the disclosure of the husband's infidelity. Additionally there was extensive and conflicting testimony by the parties, their son, and various social workers, counselors, and physicians regarding whether the minor daughter had been sexually abused by the husband. The husband and adult son strenuously denied such charges, alleging instead that the mother had "coached" the child and that the child had on different occasions denied any such abuse. The mother subjected the child to repeated physical examinations in order to determine whether the child had been abused. All such examinations were inconclusive as to any physical evidence of abuse. There was some evidence regarding the husband's plea of guilt in criminal court to a lesser charge of simple assault, as a result of which the husband agreed not to seek visitation with the child.
 "[I]n a divorce action when testimony is taken orally before the trial court, it is the appellate court's duty to affirm the trier of fact if the decree is fairly supported by credible evidence. Put another way, it is the duty of this court to affirm the decree below if under any reasonable aspect it is fairly supported by credible evidence, even though this court may have a different view of the evidence."
Johnson v. Johnson, 360 So.2d 996, 998 (Ala.Civ.App. 1978). In the instant case, we cannot say that the trial court was plainly and palpably wrong in its finding of incompatibility as the ground for divorce.
We next consider whether the trial court abused its discretion in providing that the periodic alimony payments would terminate at a time certain upon the happening of one of the aforementioned events. There was some evidence that, in the past, the wife has successfully sold cosmetics and that she is capable of becoming self supporting. The only reasonable conclusion to be reached from the decree is that the award is for the future support of the wife payable from the current earnings of the husband. Banks v. Banks, 336 So.2d 1365
(Ala.Civ.App. 1976). Perhaps the trial court's award is designed to assist the wife during the period of the existence of the mortgage indebtedness on the property awarded to her in the decree. The fact that an alimony award has a time limitation attached does not affect its character as periodic alimony modifiable prior to its termination date. Banks, supra. In fact, the trial court recognized such when it entered the last contingency for the termination of periodic alimony, viz: "or when further orders of this Court are entered, whichever should first occur." There is no contention by the wife that the monthly award is insufficient or unjust, but only that it is an abuse of discretion to attach a time limitation thereto. Accordingly, we conclude from our review of the evidence that the judgment is not unjust, that it is not plainly wrong, and that it is not to be reversed on this issue.
The wife next asserts that the trial court erred in failing to address the various debts of the parties. There was extensive testimony regarding the parties' debts and assets. The trial court addressed the indebtedness secured by various security instruments; however, the judgment is silent regarding other unsecured debts. The wife was awarded the marital residence, including its equity, a vehicle, a lawn tractor, certain household furnishings, and periodic alimony. The trial court did not require the husband to pay the wife's separate indebtedness.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). Matters such as alimony and the property *Page 38 
division rest soundly within the discretion of the trial court and will not be reversed unless that discretion was palpably abused. Waid, supra; Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Further, those issues are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery, supra. A property division is not required to be equal but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Ross v. Ross, 447 So.2d 812
(Ala.Civ.App. 1984). Further, the trial court is granted much latitude in the exercise of its judicial discretion in providing for the payment of debts. Scruggs v. Scruggs,456 So.2d 319 (Ala.Civ.App. 1984). Based upon the conflicting evidence regarding debts and assets, we cannot say that the trial court abused its discretion in not requiring the husband to pay the wife's personal debts.
The final issue raised by the wife concerns whether the trial court abused its discretion by awarding the husband the federal income tax dependency exemption for the parties' minor child. This court has previously held that "the state trial court should have the discretion to allocate the dependency exemption and, if necessary to the enforcement of the allocation, to require the custodial parent to execute a valid § 152(e)(2) release." Gamble v. Gamble, 562 So.2d 1343, 1396
(Ala.Civ.App. 1990). In the case at bar, the trial court ordered the husband to pay child support, in accordance with the guidelines, in the amount of $565 per month, and to provide hospital and medical insurance coverage. This amounts to over 70% of the total support required for the child in accordance with the guidelines. Although such was not specifically requested by the husband, there is a sufficient evidentiary basis for the award. Rule 54(c), A.R.Civ.P.; Awad v. Awad,54 Ala. App. 154, 306 So.2d 21 (Ala.Civ.App. 1975). In view of the above we cannot say that the trial court abused its discretion; accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.