We granted the petition of Madge W. Vaughn for certiorari review of the judgment of the Court of Civil Appeals inVaughn v. Vaughn, 634 So.2d 530 (Ala.Civ.App. 1992). We reverse and remand.
Madge W. Vaughn and Charles G. Vaughn were married on April 23, 1966, and they were divorced on March 13, 1991. During the marriage, Mr. Vaughn was a member of the United States Army and retired as a Lt. Colonel in October 1986. Since his retirement, Mr. Vaughn has been employed in the private sector, and he has also been receiving military retirement pay. Mrs. Vaughn is currently employed by the Huntsville school system.
After an ore tenus hearing, the trial court entered a divorce judgment providing for the distribution of real and personal property, nonpension financial assets, child support, and alimony payments. The trial court, however, denied Mrs. Vaughn's request for an award of an interest in Mr. Vaughn's military retirement pay, stating, on the basis of Tinsley v.Tinsley, 431 So.2d 1304 (Ala.Civ.App. 1983), that "military retirement benefits cannot be considered as marital property and may not be included in an award of alimony in gross or in a division of property. It may be considered only as a source of income regarding periodic alimony."
The Court of Civil Appeals affirmed; we granted certiorari review to address the issue of whether the military retirement benefits of one spouse may be considered as marital property and, thus, subject to property division and/or included in an award of alimony in gross. We answer affirmatively.
The standard governing the treatment of military retirement benefits, upon the dissolution of a marriage, in Alabama was set out in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979). The Court of Civil Appeals refused to treat an award of military retirement benefits as either a property settlement or alimony in gross and stated:
 "After an exhaustive search, we have been unable to find any authority for a court to treat an award of retirement benefits as either a property settlement or alimony in gross. In the absence of sound authority for so classifying such an award, we decide that such cannot be done by the courts of this state."
Kabaci, 373 So.2d at 1146. While this premise — the "absence of sound authority" — may have been valid at the time the Court of Civil Appeals ruled in Kabaci, it is no longer true. *Page 535 
The United States Supreme Court held in McCarty v. McCarty,453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that on dissolution of the marriage, federal law precludes a state court from dividing military nondisability retired pay pursuant to state community property laws. The Supreme Court, however, "recognize[d] that the plight of an ex-spouse of a retired service member is often a serious one," but suggested that the decision of whether "more protection should be afforded a former spouse of a retired service member . . . [was] for Congress alone." 453 U.S. at 235, 101 S.Ct. at 2742.
Congress responded to the Supreme Court's suggestion and enacted the Uniformed Services Former Spouses' Protection Act ("USFSPA") (codified in part at 10 U.S.C. § 1408) in 1982. Section 1408(c)(1) (as amended 1990) of the USFSPA provides:
 "Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse."
Section 1408(a)(4) (as amended 1990) defines "disposable retired pay" or "retainer pay" as:
 "(4) The term 'disposable retired pay' means the total monthly retired pay to which a member is entitled less amounts which —
 "(A) are owed by that member to the United States for previous overpayments of retired pay and for recoupments required by law resulting from entitlement to retired pay;
 "(B) are deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-marital [sic] or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38;
 "(C) in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list); or
 "(D) are deducted because of an election under chapter 73 of this title to provide an annuity to a spouse or former spouse to whom payment of a portion of such member's retired pay is being made pursuant to a court order under this section."
The Act has been explained as follows:
"The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the McCarty decision, with respect to treatment of non-disability military retired or retainer pay. The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable [sic]. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision." *Page 536 
Senate Report No. 27.502, 97th Congress, Second Session 16, reprinted in 1982 United States Code Congressional and Administrative News, 1611. See also Mansell v. Mansell,490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) (holding that under the federal USFSPA, 10 U.S.C. § 1408, state courts may not treat as property divisible upon divorce, military retirement pay waived by the retiree in order to receive veterans' benefits).
It is obvious that the USFSPA does not mandate, but rather, authorizes, state courts to consider military retirement benefits as marital property, and, thus, subject to equitable division. A significant number of state courts have taken notice of this authorization given by the USFSPA and have held that military retirement benefits are subject to distribution as marital property upon the dissolution of the marriage. See, e.g., Young v. Young, 288 Ark. 33, 701 S.W.2d 369 (1986); In reMarriage of Potter, 179 Cal.App.3d 73, 224 Cal.Rptr. 312
(1986), cert. denied sub nom., Potter v. Abshire,479 U.S. 1072, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987); In re Marriage ofGallo, 752 P.2d 47 (Colo. 1988); McMahan v. McMahan,567 So.2d 976 (Fla.Dist.Ct.App. 1990); Holler v. Holler, 257 Ga. 27,354 S.E.2d 140 (1987); Griggs v. Griggs, 107 Idaho 123,686 P.2d 68 (1984); In re Marriage of Kennedy, 170 Ill. App.3d 726,525 N.E.2d 168, 121 Ill.Dec. 362 (1988); Warren v. Warren,563 N.E.2d 633 (Ind.App. 1990); In re Marriage of Harrison,13 Kan. App. 2d 313, 769 P.2d 678 (1989); Jones v. Jones,680 S.W.2d 921 (Ky. 1984); Rearden v. Rearden, 568 So.2d 1111
(La.App. 1990); Murphy v. Murphy, 763 S.W.2d 237 (Mo.App. 1988); Patzer v. Patzer, 243 Mont. 34, 792 P.2d 1101 (1990);Walentowski v. Walentowski, 100 N.M. 484, 672 P.2d 657 (1983);Miller v. Miller, 395 Pa. Super. 255, 577 A.2d 205 (1990),appeal den., 525 Pa. 664, 583 A.2d 794 (1990); Radigan v.Radigan, 465 N.W.2d 483 (S.D. 1991); Adams v. Adams,787 S.W.2d 619 (Tex.App. 1990); Greene v. Greene, 751 P.2d 827 (Utah App.), cert. denied, 765 P.2d 1278 (Utah 1988); Lambertv. Lambert, 10 Va. App. 623, 395 S.E.2d 207 (1990); Butcher v.Butcher, 178 W. Va. 33, 357 S.E.2d 226 (1987); and Parker v.Parker, 750 P.2d 1313 (Wyo. 1988).
The Court of Civil Appeals stated in this case that neitherMcCarty, supra, nor the USFSPA has altered Alabama law in relation to the treatment of military retirement benefits, and it chose not to deviate from the authority of the state; namely, Kabaci, supra, and Ala. Code 1975, § 30-2-52.
Section 30-2-52 provides:
 "If the divorce is in favor of either spouse for the misconduct of the other spouse, the judge trying the case shall have the right to make an allowance to either spouse out of the estate of either spouse, or not make an allowance as the circumstances of the case may justify, and if an allowance is made, the misconduct of either spouse may be considered in determining the amount; provided, however, that any property acquired prior to the marriage of the parties or by inheritance or gift may not be considered in determining the amount."
Section 30-2-51 provides:
 "If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
A plain reading of §§ 30-2-51 and 30-2-52 does not suggest that they preclude the distribution of military retirement benefits as marital property. After carefully considering the federal and state authorities cited above, this Court is persuaded to change the law of this state governing the treatment of military retirement benefits. We hold that disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such. Furthermore, *Page 537 
to the extent that they are inconsistent with this holding,Kabaci and the cases relying on the rule of Kabaci are overruled.
The judgment of the Court of Civil Appeals is reversed, and this case is remanded for a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.