Joe C. Landers (husband) and Sibyl Landers (wife) were married for 16 years before the wife filed for divorce in the Circuit Court of Madison County. The husband counter-claimed.
Following an ore tenus proceeding on the wife's complaint and the husband's counter-claim, the trial court entered a judgment divorcing the parties. In addition to her separate estate, the trial court awarded the wife $10,000 as "lump sum alimony", periodic alimony of $1,000 per month, the 22-acre farm which had been the marital residence, all personal property within the residence that was not a part of the husband's separate estate, all farm equipment at the marital residence, an automobile, a truck, and all money in her individual bank accounts.
In addition to his separate estate, the husband was awarded an automobile, a motorboat and trailer, a motorcycle, a camper, his retirement plan at NASA, the cash value of his life insurance policy, and all money in his individual bank accounts. Furthermore, the trial court ordered the husband to participate in a survivor's benefit plan through his employment at NASA and to designate the wife as the recipient of a former spouse annuity under the plan.
On appeal, the husband contends that the trial court inequitably divided the marital property and awarded the wife excessive alimony. He also contends that the trial court's order, that he provide the wife with a survivor's annuity, amounted to an impermissible division of his retirement benefits.
A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). On appeal, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is so unsupported by the evidence as to amount to an abuse of discretion. Id. Some factors that the trial court should consider in dividing marital property and setting alimony payments include "(1) the earning ability of the parties; (2) their probable future *Page 1045 
prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce." Echols v.Echols, 459 So.2d 910, 911-12 (Ala.Civ.App. 1984).
A careful review of the record reveals that at the time of trial, the wife was 56 years old and was earning $6.22 per hour as a production specialist at SCI. The husband was 59 years old and was earning a gross income of $2,581.60 every two weeks as a member of the safety mission assurance directorate at NASA. The wife had four years of college education in home economics, but had not received a degree. The husband, on the other hand, had a degree in electrical engineering and 32 years of government service. The husband's lengthy government career provides him with a solid benefits package that will furnish him approximately $3,200 per month after his retirement. The wife testified that her monthly expenses totalled approximately $2,000, while her monthly net income was less than $800. She stated that she will receive less than $20 per month after she retires. The wife also testified that during their marriage of 16 years, the husband had subjected her to abuse and had had relationships with other women. The husband admitted that he had left the wife without telling her where he was going on two occasions, the latter having occurred just before the wife filed for divorce.
Thus, based on the factors set out in Echols, we are satisfied that the trial court's judgment was neither inequitable nor excessive. The record contains ample evidence to support the trial court's division of the property and award of alimony. Therefore, we hold that the trial court did not abuse its discretion.
We now address the issue of whether the trial court, in ordering that the husband provide the wife with a survivor's annuity, impermissibly divided his federal pension. The husband argues that under 5 U.S.C. § 83390)(2) and 83390)(4) (1987), an election of a survivor's annuity would reduce his monthly benefits after his retirement. Such a reduction, he asserts, would amount to a division of his federal pension, a violation of the rule set out in Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979), and its progeny. However, since the filing of this appeal, our supreme court, in Vaughn v. Vaughn, [MS. 1911634, Aug. 27, 1993], ___ So.2d ___ (Ala. 1993), expressly overruled Kabaci and all cases relying on the rule of Kabaci.
On the authority of Vaughn, federal pensions are now divisible marital property in Alabama divorce proceedings. The trial court's order that the husband provide the wife with a survivor's annuity was not impermissible.
We find no abuse of discretion in the trial court's division of the marital assets and award of alimony. Furthermore, the trial court's order that the husband provide the wife with a survivor's annuity was not impermissible. The judgment of the trial court is affirmed.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.