This is an appeal from a judgment ordering the payment of past due child support. The parties were divorced in 1966. The judgment of divorce awarded custody of the parties' five minor children to the mother and ordered the father to make monthly child support payments.
On July 12, 1968, the mother filed a motion to show cause, alleging that the father was in contempt of court for his failure to pay the child support amounts as ordered in the judgment of divorce. However, on August 28, 1968, the trial court, on the mother's own motion, dismissed the motion to show cause and discharged the father as to the alleged contempt.
The parties filed a joint petition to modify the judgment of divorce on January 28, 1969. Pursuant to the joint petition, the father was to assume custody of the parties' five children and he was to be relieved from any further duty to pay child support. The trial court approved the proposed modification, without change, on April 29, 1969. Neither party filed any further petitions for more than 23 years.
On October 13, 1992, the mother filed a petition for rule nisi requesting that the trial court hold the father in contempt for his failure to pay child support. The mother sought "approximately $210,000," which, she claimed, reflected child support "payments not made and interest due at 6% per annum" since April 7, 1966. In his answer, the father asserted, among other things, the statute of limitations and laches as affirmative defenses. He also filed a motion to dismiss based on the trial court's 1969 judgment relieving him from any further obligation to pay child support.
On February 17, 1993, the trial court entered a partial judgment, dismissing "all claims for unpaid child support due before August 28, 1968, or after April 29, 1969." However, following an ore tenus proceeding on April 19, 1993, the trial court granted the mother's petition as to the eight months between August 28, 1968, and April 29, 1969, and ordered the father to pay $5,186.53 "for unpaid child support and interest thereon."
The father raises five issues on appeal, however, we find the dispositive issue to be whether the mother's 1992 petition is barred by the statute of limitations.
Child support payments constitute final judgments from the date that they become due, Cartron v. Cartron, 565 So.2d 656
(Ala.Civ.App. 1990), and payments that are 20 or more years past due are barred by the statute of limitations, § 6-2-32, Ala. Code 1975. Hardy v. Hardy, 600 So.2d 1013 (Ala.Civ.App. 1992). Thus, in this case, where more than 20 years had elapsed after the purported child support payments would have become due, the mother's 1992 petition was time-barred.
We note that the four essential elements of res judicata appear to be present in this case. Those are:
 "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits."
Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala. 1990). If these four elements are present, "any issue that was, or could have been, adjudicated in the prior action is barred from further litigation." Ex parte McCracken, 576 So.2d 664, 665
(Ala. 1991). *Page 443 
The mother could have pursued her claim for the payment of any past due child support when she and the father filed their joint petition for modification on January 28, 1969, which relieved him of any further child support obligations and placed custody of the children with him.
Based on the foregoing, the judgment of the trial court is reversed, and this cause is remanded for an entry of judgment in favor of the father.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.