This is a divorce case.
The parties were divorced in July 1993, and in that judgment, the trial court held that the husband's profit-sharing retirement plan with his employer is "one from which a property settlement and/or alimony in gross award is not presently permitted under existing Alabama law." The wife appeals, contending that the plan may be considered as marital property, and that it is, therefore, subject to division.
The record reveals that their marriage of approximately 38 years was interrupted by divorce in 1978, but that within months of that divorce, the parties resumed the marital relationship until this divorce in 1993. The record discloses that the husband was the primary income-producer, and that the wife's primary duty was that of homemaker and mother to the parties' four children, who were all adults at the time of the divorce. The wife argues that failure to divide the retirement benefits in the case sub judice is tantamount to punishing a faithful wife, and that it allows differing treatment for spouses of civilian retirees than for spouses of military retirees. It is undisputed that the retirement benefits in question accumulated during the course of this lengthy marriage. She asks this court to reverse the judgment and to award her one-half of the husband's retirement benefits. She requests this court to extend the application of Ex parteVaughn, 634 So.2d 533 (Ala. 1993), to apply to the type of retirement benefits accumulated by her husband during their marriage.
Vaughn, supra, concerned the division of a spouse's military retirement benefits. In that case, our Supreme Court expressly overruled the prohibition against the division of military benefits in a divorce proceeding. The Court stated that
 "[a] plain reading of [Ala. Code 1975] §§ 30-2-51 and 30-2-52 does not suggest that they preclude the distribution of military retirements as marital property. After carefully considering the federal and state authorities cited above, this Court is persuaded to change the law of this state governing the treatment of military retirement benefits. We hold that disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such. Furthermore, to the extent that they are inconsistent with this holding, Kabaci
[Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979)] and the cases relying on the rule of Kabaci are overruled."
Vaughn at 536-537.
Although Kabaci, supra, specifically concerned the treatment of military retirement benefits in divorce, the rule of Kabaci has been relied upon to refuse division of other types of retirement plans in divorce actions. See e.g., Grigsby v. Grigsby, 620 So.2d 35
(Ala.Civ.App. 1993) (employer-sponsored stock purchase plan); Nelsonv. Nelson, 611 So.2d 1113 (Ala.Civ.App. 1992), after remand, 628 So.2d 798 (Ala.Civ.App. 1993) (401(k) plan);Rowe v. Rowe, 601 So.2d 1048 (Ala.Civ.App. 1992) (state civil service plan); Shelton v. Shelton,595 So.2d 900 (Ala.Civ.App. 1992) (private retirement plan);Morrow v. Morrow, 585 So.2d 61 (Ala.Civ.App. 1991) (corporate retirement plan); and Pedigo v. Pedigo,413 So.2d 1154 (Ala.Civ.App. 1981), cert. quashed, 413 So.2d 1157
(Ala. 1982) (federal civil service plan). In Cole v.Cole, 538 So.2d 21 (Ala.Civ.App. 1987), cert. quashed,538 So.2d 22 (Ala. 1989), this court relied upon theKabaci rule to reverse a trial court's division of a qualified pension plan. Cole, supra, was relied upon in Bradford v. Bradford, 607 So.2d 286 (Ala.Civ.App. 1992), to reverse a trial court's division of profit-sharing retirement benefits.
In this case, we cannot determine whether the trial court considered the value of the husband's profit-sharing retirement plan in fashioning its awards, or whether it simply determined that it was prohibited from considering ordividing that retirement plan. A trial court is free to consider the retirement benefits, including profit-sharing plans, as assets of the parties to divorce in fashioning its awards. Powell v. Powell, 628 So.2d 832
(Ala.Civ.App. 1993). Additionally, *Page 33 
the judgment in this case was entered while the Supreme Court's ruling in Vaughn, supra, was pending. See Fowlerv. Fowler, 636 So.2d 433 (Ala.Civ.App. 1994). See alsoWelch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). The trial court's award of the profit-sharing plan exclusively to the husband in this case was due to its understanding that the law prohibited otherwise. Such was in error. The trial court in the case sub judice has within its discretion the authority to make a division of these retirement benefits.
For the reasons stated above, this case must be reversed for the trial court to reconsider the property and alimony in gross awards without the prohibition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.