THIGPEN, Judge.
This divorce case involves military retirement benefits.
The parties divorced in August 1993, and, inter alia, the trial court divided the assets accumulated by the parties during over 20 years of marriage. The trial court found that the assets were limited to personal effects and furniture. The judgment was silent regarding the military retirement benefits accumulated by the parties during the marriage. The wife’s post-judgment motion requested the trial court to reconsider the property division and to specifically consider the military retirement benefits accumulated during the course of the marriage as divisible marital property. After the trial court denied her post-judgment motion without a hearing, she appealed.
The dispositive issue is whether the military retirement benefits, the only substantial property accumulated during the marriage, are subject to division in the divorce.
This case was decided while Ex parte Vaughn, 634 So.2d 533 (Ala.1993), was pending. In that ease, our Supreme Court expressly overruled the prohibition against dividing military benefits in a divorce proceeding. Therefore, the judgment in this case must be reversed and the cause remanded for the trial court to reconsider the property division without that prohibition. See Byrd v. Byrd, 644 So.2d 31 (Ala.Civ.App.1994); Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994). See also Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Nothing in this opinion should be construed to mandate the division of the military retirement benefits accumulated by the parties during the course of this marriage. The trial court may take additional evidence or reconsider the evidence submitted to make its discretionary determination regarding the property division.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.