While I agree with the majority's opinion, I think there is also another reason to affirm the judgment of the trial court.
As stated in Ex parte Vaughn, 634 So.2d 533 (Ala. 1993), Congress in 1982 enacted the Uniformed Services Former Spouses' Protection Act ("USFSPA") (codified in part at 10 U.S.C. § 1408). That act authorizes state courts "to consider military retirement benefits as marital property and, thus, [as] subject to equitable division." 634 So.2d at 536.
Between 1982 and the Martin's divorce in 1991, 20 state courts had taken notice of the authorization given by USFSPA and had held "that military retirement benefits [were] subject to distribution as marital property upon the dissolution of the marriage." Vaughn, 634 So.2d at 536. Mrs. Martin could have, but did not, raise this issue in her uncontested divorce proceeding; nor did she appeal the final judgment of divorce in 1991 and ask this court to reconsider its decision in Kabaci v.Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979). The doctrine of res judicata, therefore, bars the present action. Leslie v.Beringer, 636 So.2d 441, 442 (Ala.Civ.App. 1994).