The Alabama Supreme Court, in overruling the long-standing law of this state as expressed in Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979), stated: "After carefully considering the federal and state authorities . . . this Court is persuaded to change the law of this state governing the treatment of military retirement benefits. We hold thatdisposable military retirement benefits, as defined by10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn,634 So.2d 533, 536 (Ala. 1993) (emphasis added).10 U.S.C. § 1408(a)(4) defines disposable military retirement benefits as "the total monthly retired . . . pay to which a member is entitled. . . ."
In this case, the husband is not entitled to receive any monthly retirement pay. Until the husband has served at least 20 years, he has no vested right in, or entitlement to receive, disposable military retirement benefits. "He is employed by the United States; so Congress could at any time change his retirement plan or abolish it." Durham v. Durham, 289 Ark. 3,708 S.W.2d 618, 619 (1986).
"The decisions of the [Alabama Supreme Court] shall govern the holdings and decisions of [this court]." § 12-3-16, Ala. Code 1975. The above opinion attempts to expand and enlarge the rule of law set out in Ex parte Vaughn, supra, contrary to § 12-3-16; therefore, I respectfully dissent.