I would affirm the judgment of the trial court; therefore, I respectfully dissent.
The majority extends the holding of Ex parte Vaughn,634 So.2d 533 (Ala. 1993), to include in the division of marital property military retirement benefits that have not yet vested. I agree that the military member's spouse is often entitled to a share of the retirement benefits accumulated during the marriage; however, until there is a vested right in those benefits, there is no property to be divided. When dividing the marital property of active duty military members, trial courts should not include retirement benefits that are not yet vested. The better practice would be to allow the trial court to reserve jurisdiction to modify the property division either upon the military member's retirement or upon the member's reaching 20 years in the military, at which time the retirement benefits are vested.
Further, I believe reversing the trial court's judgment in this case encroaches on the ore tenus rule. Military retirement benefits "accumulated during the course of the marriage constitute marital property and, therefore, are subject toequitable division as such." Ex parte Vaughn, 634 So.2d at 536 (emphasis added). The trial court is not required to divide military retirement benefits. In deciding whether or how to divide those benefits, the element of fault should be considered, just as it is in the division of all marital property. Linden v. Linden, 516 So.2d 675 (Ala.Civ.App. 1987). Fault can be considered even when the divorce is not granted on the basis of fault. Mangina v. Mangina,585 So.2d 1383 (Ala.Civ.App. 1991).
Matters such as the division of marital property in a divorce action are committed to the sound discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Further, the trial court's decision, following the presentation of ore tenus evidence, is presumed correct, and this court will not reverse that decision absent a showing of an abuse of discretion. Id. While a property division need not be equal, it must be equitable. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985). The trial court *Page 880 
heard the testimony and saw the witnesses in this case. After reviewing the record, I believe that the trial court did not abuse its discretion in not dividing the husband's military retirement benefits between the husband and wife.
For the foregoing reasons, I would affirm the judgment of the trial court.