I agree with the majority's affirmance as to the award of attorney fees and the reservation of jurisdiction to determine post-minority education support for the children. Ex parteBayliss, 550 So.2d 986 (Ala. 1989). After weighing the factors in Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986), however, I must respectfully dissent from the court's judgment on the remaining issues.
The trial court and the majority of this court seem to totally disregard many of the factors to be considered when dividing marital property and awarding alimony. Most notable here is the length of the marriage, the health of the wife, the parties' future prospects and stations in life, and the conduct of the husband regarding the cause of the divorce.Id., at 1176. "The purpose of periodic alimony is to support the former dependent spouse." Thornburg v. Thornburg,628 So.2d 885, 887 (Ala.Civ.App. 1993). The trial court's award of $750 per month alimony for three years fails to meet this purpose.
The parties were married 18 years, and the wife requires medication for an anemic condition. There was a great disparity between the parties' educations and between their employment opportunities. The husband, during the marriage, obtained undergraduate *Page 706 
and graduate degrees and earns well over $100,000 per year. The wife attended high school in Korea. She has taken several English courses, and she completed cosmetology school 12 years ago. According to the husband, her English remains "poor to medium." She has never worked in cosmetology and has not maintained a license to do so. The wife has never earned more than $8.50 per hour. Her role during the marriage was to maintain the home, support the husband's career, and rear the children.
In referring to the alimony awarded as "rehabilitative," the majority clearly expects the wife, in three years, with two children at home, to improve her English, improve her marketability in the workplace, and find employment that will allow her to maintain a standard of living similar to the one she had before the divorce. The majority affirms the award, stating that the alimony is "subject to modification upon changed circumstances," citing Mullins v. Mullins,475 So.2d 578 (Ala.Civ.App. 1985). In the Mullins case, the husband, who was paying periodic alimony, petitioned for a modification based on a changed circumstance — that his wife's income was as great as his, if not greater. The facts of that case are clearly inapplicable here.
To compare the wife to another Korean witness fails in any way to support the majority's reasoning. Total assimilation into a spouse's culture is not required. Additionally, whether to care for the home and children and support a spouse's career instead of working outside the home is a joint decision to be made in all marriages. Alabama law does not require that either party in a marriage work outside the home in order to be able to obtain sufficient support and an equitable distribution of property in the event of divorce. The parties' financial situation did not require that the wife work. She should not be penalized now for that fact. In any case, the majority's reference to the husband's "constant" encouragement for the wife to better educate herself and to work outside the home is simply not supported by the record evidence.
As to the conduct of the parties, the record is replete with testimony of the husband's marital misconduct and the fact that his affair continued after the parties moved to Alabama. The majority refers to the parties as having reconciled and says that they moved to Alabama "to start over." When the husband was transferred from Virginia to Alabama, he initially told the wife that he was "unhappy" and that he was considering moving alone to Alabama. He later changed his mind, however, and the entire family moved with him to Huntsville, Alabama, in March 1993. He moved out of the marital home in July 1993. He testified that the paramour had visited him at his apartment. Both children testified to confrontations with the husband while the paramour was visiting his apartment.
In a letter, which was introduced as an exhibit at trial, the husband asked the paramour not to lose faith in him, "because it would mean that the last nine months shouldn't have happened." He went on to state, "Only two more weekends to do this and then I will be there for you — forever!" The children both expressed their preference to live with the wife.
The trial court awarded the husband certain real estate and personal property, "as well as his IRAs and other retirementbenefits as his separate property free and clear from any claim by the [wife]." (Emphasis added.) The husband's domestic relations financial statement shows a monthly income deduction of $287.90 for retirement. The wife's financial statement indicates that the husband receives retirement pay as a source of "other income"; however, the record contains no evidence of the existence of, or the value of, the husband's civil service or military retirement benefits. The wife alleged in her post-judgment motion that the husband had "accumulated during the marriage numerous retirement benefits, worth in excess of one million dollars if his life continues for ten years after retirement." It is unclear what "other retirement benefits" the trial court considered, if any at all, in determining the parties' property division.
In Ex parte Vaughn, 634 So.2d 533, 536 (Ala. 1993), our supreme court held that "disposable military retirement benefits . . . accumulated during the course of the marriage *Page 707 
constitute marital property and, therefore, are subject to equitable division." This court's recent decision inJackson v. Jackson, 656 So.2d 875, 876 (Ala.Civ.App. 1995), further stated that "military nondisability retirement pay, whether or not vested, constitutes a marital asset subject to division upon the dissolution of the marriage."
The wife would have been entitled to a percentage, not exceeding 50 percent, of the marital share of military nondisability retirement pay, whether vested or not, if the parties had divorced in Virginia. Va. Code Ann., § 20-107.3(A) and (G) (1950). See Byrd v. Byrd, 644 So.2d 31, 32
(Ala.Civ.App. 1994). Because the record does not indicate whether the trial court considered the husband's military retirement benefits in making its property division, we should remand for the trial court to consider this issue and make a finding.
The trial court abused its discretion in the award of alimony and in the division of the marital assets. I would reverse on those points.