THIGPEN, Judge.
This divorce case involves an appeal after remand. See Byrd v. Byrd, 644 So.2d 31 (Ala.Civ.App.1994). In the prior case, the wife appealed the trial court’s refusal to divide the husband’s retirement benefits; the trial court based that refusal upon its express understanding that the law prohibited it from dividing those benefits. This court remanded the cause for the trial court to “reconsider the property and alimony in gross awards without the prohibition.” Byrd, 644 So.2d at 33.
On remand, the parties stipulated that additional evidence was unnecessary, and that the judgment on remand could be entered after the trial court reconsidered the evidence produced at the original hearing. Ultimately, in February 1995, the trial court entered amended judgments, stating that it had considered the value of the husband’s retirement benefits when addressing the alimony and property issues in the divorce judgment, and that it had originally ordered a higher alimony award to compensate for its understanding that the law prohibited division of the husband’s retirement benefits. Based upon our remand instructions, the trial court exercised its discretion “to adjust the *586 equities of the parties’ property interests and the amount of periodic alimony.” Inter alia, it determined the “divisible value” of the husband’s retirement benefits at the time of the divorce, awarded the wife a share of that value, and reduced the monthly alimony award. The husband appeals, and, alternatively, requests relief by petitioning for a writ of mandamus or prohibition. We address his issues as an appeal.
The issues raised by the husband are whether the trial court properly followed the instructions of this court on remand, and whether the trial court lacked jurisdiction to amend its order. He specifically argues that Ex parte Vaughn, 634 So.2d 533 (Ala.1993), was applied retrospectively against his vested retirement benefits. This court has previously addressed the application of Vaughn to divorce judgments, as in the case sub judice, which were entered while Vaughn was pending, and it has consistently held that such judgments are subject to remand for the removal of the prohibition imposed in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979). See Byrd, 644 So.2d 31; Avera v. Avera, 644 So.2d 974 (Ala.Civ.App.1994); Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994); and Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994). See also Landers v. Landers, 631 So.2d 1043 (Ala.Civ.App.1993). The trial court properly complied with our instructions on remand, and on this appeal, the husband has simply failed to show error in the trial court’s judgment.
Alternatively, the husband seeks relief via an extraordinary writ, alleging that the trial court was without jurisdiction to enter the amended orders in February 1995. After this court reversed the trial court’s divorce judgment dated July 1993 and remanded, but apparently before the trial court received this court’s opinion and instructions, the wife filed a motion requesting that the trial court “meet the requirements” of that remand. The husband miseharacterizes her motion as an untimely post-judgment motion addressed to the July 1993 judgment, and he unpersua-sively argues that the time had expired for the trial court to have jurisdiction to address the wife’s “post-judgment motion” when it entered the amended orders in February 1995.
This court cannot be guided by the husband’s misunderstanding of the procedural posture of this case. The trial court’s orders were responsive to this court’s instructions on remand. The trial court clearly had jurisdiction to enter the orders, and it merely complied with the appellate mandate. Auer-bach v. Parker, 558 So.2d 900 (Ala.1989). The husband has failed to show that relief pursuant to an extraordinary writ is proper.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.