ROBERTSON, Presiding Judge,
concurring in part and dissenting in part.
In light of our standard of review, I cannot hold that the trial court abused its discretion in not dividing the husband’s retirement accounts. “Even if this court would have made a different determination, absent an abuse of discretion, we are without authority to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).” Sartain v. Sartain, 682 So.2d 1368, 1370 (Ala.Civ.App.1996).
Property divisions must be equitable and “the determination as to what is equitable rests within the sound discretion of the trial court.” Duckett v. Duckett, 669 So.2d 195, 197 (Ala.Civ.App.1995). “A trial court may consider retirement accounts and benefits in making its determinations regarding alimony and the property division; however, there is no requirement that those assets be divided. Ex parte Vaughn, 634 So.2d 533 (Ala.1993). See also Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994), and Landers v. Landers, 631 So.2d 1043 (Ala.Civ.App.1993).” Treusdell v. Treusdell, 671 So.2d 699, 704 (Ala.Civ.App.1995). It is clear to me from the award of alimony and property to the wife that the trial court considered the retirement accounts and awarded them to the husband in order to effect an equitable division.
I cannot find an abuse of discretion in this case and would affirm the trial court’s judgment in its entirety; therefore, I respectfully dissent from the reversal in part,